The opinion of the court was delivered by
Brewer, J.:
statement of the case. The material facts in this case are as follows: On November 13th, 1869, A. Thomas executed to defendant in error two notes for something over $23,000. To secure the payment Thomas and wife executed a mortgage on several pieces of real estate in Miami county, one of which was their homestead. Becoming thereafter further involved, Thomas was thrown into involuntary bankruptcy. All his estate except the homestead was transferred to and taken possession of by the assignees, while that was duly assigned and set over to him under the provisions of the bankrupt act. There were other creditors, and other liens upon the real estate. Thereafter, in March 1871, under authority from the bankrupt court, the assignees conveyed to Lester, free and clear of all incumbrances, one of the lots mortgaged, at the agreed price of $16,000, to be credited on the notes, and a release of all the mortgaged property from the lien of the mortgage, except the lot conveyed and the homestead, and a release to the assignees of all claims on the estate in bankruptcy of said Thomas for any part of the debt specified in the mortgage. Thereafter, and in May 1871, Thomas and wife quitclaimed the homestead to Chapman, plaintiff in error. The value of the lot conveyed by the assignees to Lester at the time of the conveyance is found to have been $20,000 to $25,000, and the value of the property released $15,000. The amount of the other liens does not appear. Did the release -discharge the homestead from the lien of the mortgage?

*594
„ „ , „ . property,”Hy mortgagee.

*595
2.Homestead, prioifty.

*593 It is claimed that the debt was satisfied, and of course *594 when that was gone all the securities were discharged, or if the debt was not wholly satisfied, that at least the homestead was discharged from the lien, because of the release of all the other property. Was the debt satisfied ? The mortgagee has not received his money. All that he has received is certain property, which at a price fixed by those having authority to do so, only satisfied a portion of his claim. The act of the assignees is, so far as agreeing upon a price, equivalent to the act of the mortgagor in case no proceedings in bankruptcy had been had. The mortgagee has received $16,000, and no more. But, say counsel, he has released all claims on the estate in bankruptcy of the mortgagor; that he must have proved up this claim in the bankrupt court before the proceedings had could have been authorized; that having proved his claim, and then released the claim, it is satisfied in full. We do not so understand the provisions of the bankrupt law. There is nothing in the testimony or findings to show that Lester ever proved his claim, or made any appearance in the bankrupt court. The application for authority to sell was made by the assignees. At their instance all the proceedings were had. Lester bought, as any one might have bought. Of course they were compelled to satisfy the court of the validity of the mortgage-debt before they could expect the approval of a sale upon which they received no money. But if the mortgagee was content to rely upon his security, and not go into the bankrupt court, and the assignees did not desire to contest the validity of the mortgage-debt, we see nothing in the bankrupt law to compel him to prove up his entire claim before receiving pay for a part of it. The rule would doubtless be as counsel claim, if the mortgagee himself was applying for an order of sale. Then, before he could have any status in the court, he must establish the fact that he is a creditor. (Bankrupt Act, §.20; Bump on Bankruptcy, 6th ed., p. 415 to 435, and especially p. 426, paragraph c, and cases cited; p. 430, and cases cited; p. 432, paragraph /, and cases cited.) The fact is, the mortgagee had *595 a claim against Thomas secured by two classes of property, one, a homestead still belonging to Thomas, and the other, real estate in the hands of the assignees in bankruptcy. He released the last on the receipt of part payment of the debt. The unpaid portion is still a claim against Thomas. Is it also a lien on the homestead? ' The debt remains, and a portion of the security has not formally been released by the mortgagee. But it is claimed it was the mortgagee’s duty to exhaust the other property before proceeding against the homestead, and inasmuch as the property released and received was ample to pay the debt, he cannot now be allowed to enforce any lien upon the homestead. It is said that the homestead belongs to and is designed by the law for the family, and that their rights are paramount to the rights of creditors. We cannot assent to the claim as thus broadly stated. It means that when a creditor takes a mortgage on the homestead and other property, though nothing is expressed, there is an implied agreement to consider the homestead as a sort of secondary security, a security for security ; that the other property mortgaged is the primary security, and that if that proves insufficient, and only when that proves insufficient, can the lien on the homestead be enforced. That partners may make such a contract is unquestionable; that the legislature may establish such a rule, is probable. Such seems to have been done in Iowa. (Code, original § 1249; § 2281 of the Revision of 1860, cited in Dickson v. Chorn, 6 Iowa, 19, and Twogood v. Stephens, 19 Iowa, 405.) But in the absence of legislation, and of express contract, we do not think the courts are warranted in interpolating such a stipulation. The creditor takes such security for his debt, and with such contract, as the parties may agree ppon. As between the parties, and without- other intervening rights, and in the absence of express stipulation, the mortgagee may release any portion of the mortgaged property without impairing his lien upon the remainder. We see no error in the ruling of the district court. It may be proper to notice the Pact that plaintiff in error received his title by quitclaim *596 from the mortgagors, after the release, and therefore got no higher or better rights than they had to convey. It may also be proper to say, that we do not deny that a court of equity may in a decree of foreclosure of a mortgage upon a homestead and other property, direct that the homestead be the last property offered for sale by the sheriff.
The judgment will be affirmed.
All the Justices concurring.