### SYLVIA G. KNEELAND vs. LUTHER G. MOORE.

Worcester.   Oct. 3. — Dec. 1, 1884.   C. ALLEN & COLBURN, JJ., absent.

If the owner of land, who holds it subject to two mortgages made by his prede-
cessors in title, conveys it, reserving an easement therein, to the first mortgagee,
by a warranty deed, in which the grantee assumes and agrees to pay both mort-
gages and to hold the grantor harmless therefrom, the first mortgage is ex-
tinguished; a foreclosure of that mortgage, by a sale under a power contained
therein, is invalid; and the second mortgagee may maintain a writ of entry
against the first mortgagee to foreclose the second mortgage.

MORTON, C. J.   This is a writ of entry to foreclose a second
mortgage upon a lot of land in Worcester.   The material facts
in the case are as follows.   In April, 1872, the land was owned
by one Bancroft, who gave to the tenant a mortgage to secure
the payment of $1200.   In March, 1874, one Ellinwood, who
had, by mesne conveyances, become the owner of the land sub-
ject to the tenant's mortgage, gave to the demandant the mort-
gage declared on in this suit, to secure the payment of $325.   In
April, 1874, said Ellinwood conveyed the premises to Annette J.
Johnson, subject to both mortgages.   In November, 1874, said
Johnson conveyed the premises to the tenant, by a warranty
deed containing the clause, "reserving a right to use and draw
water from the well now on the premises for the term of fifty
years."   Her deed contained the covenant that the premises
were free from all incumbrances, "except a mortgage of twelve
hundred dollars to grantee, and a second mortgage of three hun-
dred and twenty-five dollars to Sylvia G. Kneeland, which said
mortgages said grantee assumes and is to pay, and interest
thereon, and forever hold grantor and her legal representatives
harmless."

The only question presented in the case is whether, upon
these facts, the first mortgage held by the tenant was extin-
guished and discharged.   If it was, the foreclosure of the first
mortgage, which the tenant attempted in April, 1883, by a sale
under the power contained in the mortgage, was invalid and
ineffectual, and the demandant is entitled to a conditional judg-
ment in her favor.

There is no doubt as to the general rule, that, where there are
two mortgages upon an estate, and the equity is conveyed to the

first mortgagee, his mortgage will not be merged, but he has the right to keep it alive against the second mortgagee. But the question in this case is not, speaking strictly, whether there has been a merger; it rather is, whether the legal effect of the transaction between Johnson and the tenant was to extinguish and discharge his mortgage.

By accepting the deed from Johnson, the tenant assumed the duty of paying and discharging both the mortgages, and the law implies a promise from him to her to do so. If, at the time the deed was made, the first mortgage had been held by a third person, and the tenant had afterwards paid it, such payment would operate to extinguish the mortgage debt and discharge the mortgage, although he had taken an assignment of it. It has been repeatedly held that a release or assignment of a mortgage to a person, whose duty it is to extinguish the mortgage for the benefit of another, will in law operate as a discharge. *McCabe* v. *Swap*, 14 Allen, 188. *Wadsworth* v. *Williams*, 100 Mass. 126. *Carlton* v. *Jackson*, 121 Mass. 592.

The same principle applies in this case. The tenant assumed and promised to pay a debt due to himself, and to forever hold his grantor harmless therefrom. The same hand was to pay and to receive payment. We think his agreement operated in law as an immediate payment of the debt. That such was the intention of the parties is clear from the fact that in no other way could their purpose be carried out. It was plainly their purpose to create or reserve in Mrs. Johnson an easement on the land which was considered valuable. She retained no interest in the estate except this easement. She was not liable on the mortgage notes. The only purpose of the stipulation, that the tenant should assume and pay the mortgage notes, was to uphold and protect this easement. This purpose would be entirely defeated, if the tenant could keep on foot and foreclose his mortgage. The mortgage being prior to the deed of Mrs. Johnson, a foreclosure under it would give the mortgagee a title free from the easement in favor of her. It is not inequitable to require the tenant to pay the second mortgage. He has undertaken, and it is his duty, to do this. He must do so in order to carry out his contract with Mrs. Johnson, and protect her easement. If he should refuse or neglect to pay it, Mrs. Johnson

might pay it in order to prevent a foreclosure under it from defeating her easement, and compel him to reimburse her.

We are of opinion that the mortgage of the tenant was extinguished; that his attempted foreclosure was invalid; and that the demandant is entitled to the usual conditional judgment.

*Judgment for the demandant.*

*W. A. Gile*, for the tenant.

*B. W. Potter*, for the demandant.