## MARY T. WHITNEY, PETITIONER.

### Suffolk, July, 1900.

*Mortgage — Conveyance of Equity to Mortgagee — Merger.*

In 1884 one Burnham, the assignee of a mortgage out-standing on the land involved in this case, took a release of the equity of redemption by a deed which contained the recital that " this conveyance shall not operate to merge title acquired by assignment of mortgage." There is nothing to show any interest or estate intervening between the mortgage title and the equity of redemption. There is no further assignment of the mortgage on the records. Burnham died in 1892. The mortgage does not appear in the inventory of his estate. The petitioner claims title under his heirs.

The Examiner questions the continued existence of the mortgage title, and suggests that a discharge should be obtained. The suggestion is clearly justified by the language of some of the text books and by decisions in some of the States.

It is commonly said that whether merger takes place or not is purely a matter of intention. In some states it seems to be held that the intention is strictly a matter of fact, and that a purchaser can not rely upon the record even under a warranty deed; in others that the intention is a presumption of law regardless of the actual or expressed intentions of the parties. These cases are collected and cited in Jones on Mortgages, Sections 872 and 873. In some of the Massachusetts cases also, the intention of the parties is spoken of as the controlling element, but it is always an intention presumed from their interest, from the existence or non-exist-

ence of an intervening right, not merely from their expression of a purpose. It seems to be the invariable rule in Massachusetts, and it seems to be the true rule of law on principle, that whether merger takes place or not, depends, not upon the actual intention of the parties, expressed or unexpressed, but upon whether there is or is not an intervening interest or right to keep the two titles apart. Hunt v. Hunt, 14 Pick., 374, 383. Evans v. Kimball, 1 Allen, 240. Grover v. Thacher, 4 Gray, 526. Savage v. Hall, 12 Gray, 363. Crosby v. Taylor, 15 Gray, 64. Strong v. Converse, 8 Allen, 557. Carlton v. Jackson, 121 Mass., 592. Dickason v. Williams, 129 Mass., 182. Keith v. Wheeler, 159 Mass., 161.

In many cases the question is perhaps not one of technical merger, but rather of extinguishment, either of the mortgage title by payment of the debt in fulfilment of the condition of the deed, or of the conditional right itself. Dexter v. Harris, 2 Mason, 531. Loud v. Lane, 8 Met., 517. Kneeland v. Moore, 138 Mass., 198. (Note: — And see Lydon v. Campbell, 198 Mass. 29.) But whether the effect of the acquirement by one holder of the two interests be technically the drowning of a lesser in a greater estate by merger, or the mere extinguishment of a conditional estate or right leaving an unclouded fee under the major title, the result is the same, and so is the criterion as to whether the separate interests shall or shall not come together to produce this result.

Some confusion is caused by cases which really turn on equitable estoppel rather than on merger as a matter of legal title. Thus in the Michigan case of Ann Arbor Bank v. Webb, which was a bill to foreclose a mortgage, equity refused to recognize the mortgage title because of the fraud by which the assignment was obtained. Young v. Hill in New Jersey was a bill in equity for relief; and here the Court refused to recognize the merger, not because the merger was prevented by any intention of the parties, but because

the "legal advantage obtained by cancellation" (thus expressly recognized) "the defendant could not in conscience be permitted to retain." The Massachusetts case of Aldrich v. Blake was a bill in equity, and the court waived any decision on the question of merger, because whether there could be a merger or not, equity would not in that case allow it. Ann Arbor Bank v. Webb, 56 Mich., 377. Young v. Hill, 31 N. J. Eq., 429. Aldrich v. Blake, 134 Mass., 582.

In the case at bar there is no reason for the interposition of equity to stop or change the ordinary course of the legal title. The mortgage title and the equity of redemption came together in the same person. There being no intervening interest to keep them apart, they merged of necessity.

Decree for petitioner.