JOHN PERRY, RECEIVER OF THE NATIONAL BANK OF KANSAS CITY, MISSOURI, APPELLANT, V. ACHILLES BAKER ET AL., APPELLEES.

FILED MAY 22, 1901.    No. 9,599.

Commissioner's opinion.    Department No. 2.

1. Judgment: PLEADINGS: EVIDENCE: AMENDMENT OF PLEADING AFTER SUSTAINING OF DEMURRER. A judgment for defendant upon sufficient pleadings and evidence will not be reversed because another judge of the same court had, before the trial, sustained a general demurrer to the answer, the answer having been amended by leave of court after ruling on the demurrer; and this is the rule although no evidence is offered on the trial sustaining the allegations brought into the answer by such amendment.

2 Purchase at Sheriff's Sale by Mortgagee Under Prior Lien: If a mortgagee, or the assignee of a mortgage whose assignment is recorded, buys the land at sheriff's sale upon a prior lien, and is credited by the sheriff with the mortgage which he appears to own as disclosed by the record, a part of which is allowed by the sheriff on the purchase price of the land, and such purchaser afterwards quitclaims all interest in the land, this will be equivalent to payment by the mortgagor to the original mortgagee.

3. Innocent Purchaser. And in such case an innocent purchaser of the land from the grantee in said quitclaim deed will take the land free from the lien of the mortgage as against the holder of the note secured by such mortgage, although such holder is an innocent purchaser thereof.    *Whipple v. Fowler,* 41 Nebr,, 675.

APPEAL from the district court for Greeley county. Heard below before THOMPSON, J.    *Affirmed.*

*Bell & Robinson,* for appellant.

*W. T. Thompson, contra.*

SEDGWICK, C.

This action was brought to foreclose a mortgage given by defendant Baker and wife to Mary E. Kelley on land in Greeley county, to secure a negotiable note for $800. The mortgage was subject to a mechanic's lien for materials sold Baker prior to the execution of the mortgage. Mary E. Kelley indorsed the note in blank and delivered it to A. E. Cady, together with an assignment of the mortgage. The assignment was duly recorded. Afterwards, on the 5th day of May, 1890, Mr. Cady sold and delivered the note to the National Bank of Kansas City. The bank was an innocent purchaser of the same; and this plaintiff, who is receiver for said bank and is seeking to foreclose this mortgage, holds this note as an innocent purchaser for value. The mechanic's lien on the premises was foreclosed, the decree being regularly entered in the district court of Greeley county on the 13th day of October, 1891. At the time of the commencement of the mechanic's lien foreclosure the mortgage sued upon herein and the assignment to Cady were of record in Greeley county, and Cady and Mary E. Kelley were made parties defendant to the foreclosure proceedings. On the sheriff's sale, under the decree, Cady purchased the property, and the surplus proceeds of the sale, amounting to $638.43, was treated as belonging to Cady and allowed him by the sheriff on his bid, the money never having passed through the hands of the sheriff. Afterwards, Cady and his wife conveyed the land by quitclaim, and the defendant, Jensen, derived his title from Cady through mesne conveyances, all of which were warranty deeds. Mr. Jensen purchased the land for full value and without any actual notice of the mortgage sued on, the deed to him being a warranty deed, and Jensen took possession of the premises on the 4th day of April, 1895, immediately upon receiving his deed, and has ever since had possession. The petition was in the ordinary form of a mortgage foreclosure, alleging also

that the bank was an innocent purchaser of the note, and the answer admitted these allegations of the petition, and states the foregoing matters in defense. Defendant Rounds claims under a mortgage executed by a grantee of Cady, and the title of defendant Jensen is subject to her mortgage. The district court found generally in favor of the defendants, ordered the plaintiff's mortgage canceled and quieted the title in Jensen, subject to the mortgage of the defendant, Rounds. From this decree the plaintiff appeals.

It appears from the record that the plaintiff filed a general demurrer to the defendants' answer, on the ground that it did not state facts sufficient to constitute a defense, which was sustained by the court. The defendants then took leave to amend their answer *instanter;* and amended by interlining the allegation that the bank did not become the owner of the note and mortgage until after the commencement of the mechanic's lien foreclosure. To this answer so amended the plaintiff filed a reply, and upon trial the undisputed evidence shows that the bank did become the owner of the note and mortgage on the 5th day of May, 1890, which was before the commencement of the mechanic's lien foreclosure; and the plaintiff now insists that the ruling of the court upon the demurrer determines the law of the case to be that the defendants have no defense in this action unless they make it appear from the evidence that Cady was the owner of the mortgage at the time of the mechanic's lien foreclosure, and as the defendants have failed in that respect, the decree must, for that reason, be in favor of plaintiff. We think this position is untenable. In *Richman v. Board of Supervisors,* 42 N. W. Rep., 422, the supreme court of Iowa said (page 426): At the trial in the district court there was a demurrer to the petition, which was overruled, after which the defendants made a return to the writ, as required by its terms. At the further hearing there was a change in the *personnel* of the court, and it is urged that the issues presented by the return were

the same as those arising on the demurrer to the petition, and that there was a readjudication thereof against the objection of appellants, and its correctness is urged for our consideration. We think the change of judges makes no difference. It is the same court. We are not prepared to hold that if during the trial of the issues of an action a court becomes convinced of an error he may not correct it. It would be a serious impediment to a fair and speedy disposition of causes if such a rule was to obtain. If, on the trial of the issues presented by the return, questions legitimately arose involved in the issues presented by the demurrer, it was the duty of the court to pass upon them, and in so doing it was not required to follow the ruling on the demurrer as against its convictions." And this rule is affirmed by the same court in *Seery v. Murray*, 77 N. W. Rep., 1058. Judge Hammond, of the United States district court, in two cases discusses the general question herein considered, and while in one case he follows the former ruling of another judge and in the other postpones his decision to avoid doing so, his reasoning in each case supports the doctrine of the Iowa court. *Norton v. Taxing District*, 36 Fed. Rep., 99, 102; *Louis Snyders' Sons Co. v. Armstrong*, 37 Fed. Rep., 18, 23. The case of *Marvin v. Weider*, 31 Nebr., 774, was decided by this court upon the proposition that the petition stated sufficient facts to constitute a cause of action; and while it is stated in the syllabus that when one judge of a district overrules a general demurrer to a petition it is error for another judge of the same district upon the trial to sustain an objection to evidence on the ground that the petition does not state a cause of action, that case must not be taken to establish the doctrine that such ruling would be reversible error requiring a new trial of the case notwithstanding that the petition, upon examination, should be found to fail to state a cause of action. There may be several judges of the district court in a district, but there is only one district court, and the law makes no distinction between the judges. If a judge

makes an erroneous ruling and afterwards in the trial of the case, with more exhaustive investigation of the question, finds his first ruling is wrong, he should not be bound by it. The principle of *res adjudicata* does not apply. The first ruling does not become the law of the case so as to bind the court in the further proceedings therein. The court remains the same whether the *personnel* changes or not. So far as a different rule was announced in *Marvin v. Weider, supra,* that case ought to be overruled.

Under the foreclosure proceedings the property was sold to Mr. Cady, who at that time appeared by the records of the county to be the owner of the mortgage by assignment from the original mortgagee. He paid for the property in part by giving credit on this mortgage, and then for valuable consideration quitclaimed all interest in the land. This would be equivalent to a payment of the mortgage to the original mortgagor, who appeared to be such upon the records, and procuring him to release the mortgage of record. The deed from Cady was duly recorded, and if he had been the owner of the mortgage as he appeared by the records to be, this deed would operate as a release of the mortgage. A satisfaction entered on the record by a mortgagee, after he has sold and delivered the notes secured by the mortgage to a third party, will protect a subsequent mortgagee in good faith, or *bona fide* purchaser, of the mortgaged premises, in case he had no notice at the date of the purchase or the payment of the consideration that the debt was assigned or was unpaid, or that the release was unauthorized. *Whipple v. Fowler,* 41 Nebr., 675; *Eggert v. Beyer,* 43 Nebr., 711, 719; *Porter v. Ourada,* 51 Nebr., 510. And this does not conflict with the line of decisions of this court in which the innocent purchaser of the paper was seeking to enforce his securities against the original mortgagor or his privies, and not against one who innocently purchased the land, relying upon the records, without either actual or constructive notice of the out-

standing incumbrance. If Jensen and Rounds are innocent purchasers of the land, they will be protected. The answer contains no allegations that Cady, or any one claiming under his purchase at sheriff's sale, took possession of the land until Jensen took possession at the time of his purchase, and evidence of possession prior to Jensen's purchase was erroneously admitted by the court, the plaintiff objecting on the ground that "it is incompetent and immaterial under the issues joined," and excepting at the time. Jensen and Rounds are, therefore, chargeable with such notice as must be implied from possession. It will be presumed that the defendant, Baker, was in possession at the time of the execution of the mortgage to Rounds and of the deed to Jensen, since the title of all parties comes through him, and Baker's possession would not be notice of plaintiffs' claim.

It is insisted that plaintiff could not maintain this action without offering to redeem from the mechanic's lien, but as the judgment must be affirmed for the reasons above given, it is unnecessary to further investigate the question so suggested.

It is recommended that the judgment of the district court be affirmed with costs.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.