# ELMER E. LEARY

## *vs.*

# SUSIE N. CLAYTON.

*Mortgages: extinguishment; benefit of third parties.   Deeds: consideration; husband and wife; in lieu of alimony.*

In general, the payment of an incumbrance by a party whose duty it is to pay it extinguishes the debt.                        p. 551

Where a grantee conveys property to the assignee of a mortgage, that he had previously given of the whole of the estate conveyed, and by the deed agrees that all liens upon the estate were to be paid off out of the purchase price, and the balance to be paid grantee as in full settlement of the purchase price, the acceptance of the deed extinguishes the mortgage.        p. 551

Such payment would also inure to the benefit of a third party to whom previously to the execution of the mortgage of the whole estate, the grantor had contracted for a valuable consideration to convey one-third of the estate.                p. 551

Where a husband against whom his wife had instituted divorce proceedings agreed with her by deed that should she gain her decree he would in lieu of alimony assign to her a one-third interest in a certain estate of his it constituted a valid consideration.                                    p. 550

*Decided December 12th, 1917.*

Appeal from Circuit Court No. 2 of Baltimore City. (DUFFY, J.)

The facts are stated in the opinion of the Court.

The cause was submitted to Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Barroll & Gill* submitted a brief for the appellant.

*Cadwalder & Whitman* and *Willis R. Jones* submitted a brief for the appellee.

Thomas, J., delivered the opinion of the Court.

On the 30th of January, 1914, the Circuit Court for Baltimore County granted the appellee, Susie N. Clayton, a decree *a vinculo matrimonii* from her husband, Edward Charles Clayton. Pending the divorce proceedings, the appellee and her husband entered into an agreement by which it was agreed that if she should be granted a decree *a vinculo matrimonii*, he would, in lieu of any claim for support or alimony that might be allowed her by the Court, or that she might otherwise have against him, give, grant and assign to her a one-third interest in any right, interest or estate he then had or might thereafter have in the estate of Samuel S. Clayton, deceased, which was being administered under the jurisdiction of the Circuit Court of Baltimore City by the Baltimore Trust Company, trustee, "free from any mortgage or assignment to which the said right, claim of interest or estate * * * may be subject at present, or which may hereafter be made or placed thereupon by him." The agreement further provided that it should be submitted to the Circuit Court for Baltimore County prior to the signing of the final decree in the case, and if the terms of the agreement were approved by the Court they should be embodied in its decree. The Circuit Court for Baltimore County in its final decree granting the divorce required Edward Charles Clayton to assign and convey to the appellee the one-third interest in said estate in accordance with said agreement, which assignment and conveyance was accordingly executed by him on the

26th day of March, 1914, and duly recorded among the Land Records of Baltimore City.

Prior to the institution of the divorce proceedings by the appellee, her husband, Edward Charles Clayton, without her knowledge and without her uniting therein, executed on the 6th day of December, 1911, to the Auxiliary Realty Company of Baltimore City, a corporation, a mortgage by which he assigned and conveyed to said company all his interest in said estate of the said Samuel S. Clayton, deceased, to secure the payment of a loan of $3,900.00 and interest thereon, which mortgage was assigned by said company to the appellant, Elmer E. Leary, on the 21st day of December, 1914.

On the 20th of January, 1916, the appellee filed a bill of complaint in Circuit Court No. 2 of Baltimore City against the said Elmer E. Leary and L. Wethered Barroll, Esquire, in which, after setting out the facts to which we have referred, she alleged that she had been informed by Mr. Barroll that the mortgage was in "default," and that the mortgagor, Edward Charles Clayton, was unable to pay the mortgage debt; that she was also informed that Mr. Barroll, as attorney for Leary and by his direction, was about to institute proceedings for the foreclosure of said mortgage and a sale of the interest of Edward Charles Clayton in said trust estate; that the Auxiliary Realty Company and the appellee had been made parties to the cause in which the trust estate of Samuel S. Clayton was being administered, and that Leary, who had also been made a party to said cause, knew, before the assignment of the mortgage to him, of her right and interest in the estate; that the total interest of Edward Charles Clayton in the trust estate was three-sixteenths of the estate in the possession of the Baltimore Trust Company, trustee, "expectant upon the death of Nannie Clayton, a daughter of testator" (Samuel S. Clayton), who had never married and was then about fifty-five years of age, without leaving issue at her death; that said trust estate consisted of a number of valuable ground rents and other real estate, leasehold property, mortgages, bonds and cash, "the total ap-

proximate value" of which was over $150,000.00, and that
three-sixteenths thereof will "immediately come into posses-
sion of Edward Charles Clayton or his assigns upon the death
of the said Nannie Clayton without issue surviving"; that
two-thirds of the interest of Edward Charles Clayton was
ample security for the mortgage loan of $3,900.00 and inter-
est thereon; that she was advised that the sale of said two-
thirds interest would yield sufficient to satisfy the mortgage
claim, and that her rights would be greatly jeopardized by
the sale of her interest in the estate; that Leary should be
required to proceed for the collection of his mortgage debt
against that portion of the estate not otherwise disposed of
by the mortgagor, "until at least the insufficiency of such
part of the estate becomes and is made manifest," but that
without the interposition of the Court a sale might be made
at any time by Leary, or by his said attorney, "in such man-
ner as to ignore and gravely endanger her rights."

The bill prayed that Leary, his attorney and agents, be
enjoined from selling that portion of the interest of Edward
Charles Clayton in said trust estate which he had assigned
to the appellee until it was made to appear to the Court that
the balance thereof was insufficient to satisfy the mortgage
claim. The Court passed an order requiring the defendants
to show cause why the injunction should not be issued as
prayed. On the 31st of January, 1916, the defendants de-
murred to the bill. On the 13th of March, 1916, the appel-
lee filed a supplemental bill in which she alleged that after
the filing of her original bill and the demurrer thereto by the
defendants, Elmer E. Leary accepted a deed from Edward
Charles Clayton and Bertha D. Clayton, his wife, dated the
23rd day of February, 1916, of his interest in said trust
estate; that the consideration named in the deed was $7,-
333.33, and that the deed provided that said mortgage should
be paid out of said sum, and that the balance thereof was to
be paid to the grantor, who in said deed acknowledged the
receipt of the same; that the mortgage had therefore been
fully satisfied; that Leary had thereby become the owner of

two-thirds of the interest of Edward Charles Clayton in said trust estate and that she was the owner of the remaining one-third of his interest therein; that Mr. Barroll had nevertheless declared his intention to foreclose the mortgage, and that she was advised and believed he would attempt to sell under said mortgage the entire three-sixteenths interest in the trust estate of Samuel S. Clayton, deceased, and thereby cast a cloud upon her title to the one-third thereof. The bill prayed that Leary be required to place on record a release of said mortgage and that he and his attorney be perpetually enjoined from attempting to exercise the power of sale therein.

The defendants also demurred to the supplemental bill. The Court below sustained the demurrer and dismissed the bill as to Mr. Barroll but overruled the demurrer as to Leary and required him to file an answer within fifteen days.

Elmer E. Leary filed his answer, from which, and the testimony produced by him, it appears that out of the consideration mentioned in the deed from Edward Charles Clayton and his wife to Leary, he paid Clayton the sum of $3,333.33, as the balance of the consideration remaining after deducting the amount due on the mortgage. It further appears from the evidence that at the time the appellee entered into the agreement with her husband in reference to the assignment to her of one-third of his interest in the trust estate mentioned, and at the date of his deed to her, she had no knowledge of the mortgage to the Auxiliary Realty Company.

This appeal is from the decree of the Court below adjudging that the mortgage had been paid, requiring Leary to execute a release thereof and enjoining him from attempting to foreclose the same.

The appellant contends that notwithstanding the conveyance or assignment to him of the interest of Edward Charles Clayton in the trust estate of Samuel S. Clayton, deceased, by the deed of the 23rd of February, 1916, he is entitled to retain his mortgage to secure the loan therein mentioned.

Learned counsel for the appellant cites many cases illustrating the application of the doctrine of merger, and holding that the question whether there is a merger in any given case is a question of the intention of the parties, and that where a mortgagee purchases from the mortgagor his equity of redemption, and there are prior or intervening liens, the presumption is that a merger was not intended. It is obvious, however, that the principle contended for cannot apply to the case now under consideration.

By the deed from Clayton to the appellee, he assigned to her one-third of his interest in said trust estate, "free from any mortgage" to which his interest was "subject." That deed was based upon a valuable consideration; and if the mortgage had been foreclosed, and the entire interest of the mortgagor had been sold, after deducting the mortgage debt, costs, etc., the appellee would have been entitled to the balance of the proceeds of such sale to the extent of one-third of the entire net proceeds.

The consideration for the deed from Edward C. Clayton and wife to the appellant is set out in the following clause thereof:

> "At and for the price of seven thousand three hundred and thirty-three dollars and thirty-three cents ($7,333.33), lawful money which is to be paid into the hands of the said parties of the first part and other valuable considerations, it being understood that all liens, including the mortgage from Edward C. Clayton to the Auxiliary Realty Company assigned to Elmer E. Leary in December, 1914, which now stands against his interest, are to be paid off in full out of the purchase price mentioned at the time of the settlement and of the payment thereof into the hands of the grantors under this instrument, and after the payment in full of all such liens, the balance to be paid into the hands of the grantors under this instrument as the full purchase price for the interest which they have in the estate hereinbefore mentioned."

The deed to the appellant, therefore, expressly provided, as a part of the consideration for the conveyance or assignment, that the $7,333.33 mentioned therein as the consideration should be applied in the first instance *to the payment in full* of the appellant's mortgage and other liens, and that the balance was to be paid to the grantors, and the evidence shows that Edward Charles Clayton, the grantor, received from the appellant the sum of $3,333.33 as the difference between the consideration stated in the deed and the amount due on said mortgage. If the deed in question had been to a third party upon similar terms, and the consideration had accordingly been applied to the payment of the appellant's mortgage, the mortgage would undoubtedly have become inoperative and void. *Brown* v. *Stewart*, 56 Md. 421. In *Dircks* v. *Logsdon*, 59 Md. 173, JUDGE MILLER, speaking for the Court, said: "As a general rule payment of an encumbrance by a party whose *duty or obligation* it is, by contract or otherwise, to pay, extinguishes it, but whether this effect follows in other cases depends upon the intention of the parties, and as to the question of intent in such cases the *interest* of the party making the payment has a strong, if not controlling influence." The same principle must be held to apply where by the terms of the deed a purchaser of property is required to apply the consideration for the conveyance, to the payment of a mortgage held by him. It is clear that after accepting the deed from Clayton, the appellant no longer had any claim against him for the mortgage debt, and for the same reason the mortgage must be regarded as paid as to the appellee's one-third interest in the trust estate. *Kneeland* v. *Moore*, 138 Mass. 198; *Brown* v. *Stead*, 2 L. J. N. S. Ch. 45.

It follows from what has been said that the decree of the Court below must be affirmed.

*Decree affirmed, with costs.*