## WHITFIELD v. RAYMER.

No. 26847.   July 13, 1937.

Sigler & Jackson, for plaintiff in error.

J. B. Moore, for defendant in error.

CORN, J. This action was brought in the district court of Carter county to recover judgment upon certain promissory notes given by A. W. Gaines to the First National Bank of Berwyn, Okla., and to foreclose a real estate mortgage securing the same, which said notes and mortgage had been assigned and transferred to the plaintiff by the receiver of said bank. Prior to the failure of the bank Gaines conveyed the land described in the mortgage to O. A. Sparks as trustee for the bank, and Sparks conveyed the land to the defendant upon the promise of defendant to pay the bank for same the actual amount the bank had invested in the land, which was the amount Gaines owed the bank.

The issues being joined by the pleadings in the case, the cause proceeded to trial to the jury, and at the close of plaintiff's testimony the defendant demurred to same on the ground that it failed to show facts sufficient to constitute a cause of action against the defendant, and for the further reason that the notes and mortgage were barred by the statute of limitations. The court sustained the demurrer on the ground that the evidence was insufficient to sustain a verdict or judgment in favor of plaintiff and directed a verdict for the defendant, and the plaintiff appealed. The parties will be referred to herein as plaintiff and defendant as they appeared in the trial court.

The defendant contends that the acceptance of the deed by the bank, the mortgagee, from A. W. Gaines and wife, mortgagors, operated as a discharge of the mortgage and satisfaction of the debt secured thereby, leaving no cause of action upon which to maintain the action.

Section 10956, O. S. 1931, provides:

"The sale of any property on which there is a lien, in satisfaction of the claim secured thereby, or, in case of personal property, its wrongful conversion by the person holding the lien, extinguishes the lien thereon."

In 41 C. J. 790, the rule of law is stated as follows:

"Payment and discharge of a mortgage debt may be effected by a transfer to the mortgagee of the mortgaged premises and the acceptance of the same by him as satisfaction, * * *"—Citing in the footnote a list of cases as follows: Cooper v. Phillips, 157 Ark. 525, 249 S. W. 12; U. S. Savings Bank v. Pittman, 80 Fla. 423, 86 S. 567; Shaner v. Rathdrum State Bank, 29 Idaho, 576, 161 P. 90; Novak v. Kruse, 288 Ill. 363, 123 N. E. 519; McMahon v. Gotch, 191 Iowa, 1, 179 N. W. 929; Chapman v. Lester, 12 Kan. 592; Leary v. Clayton, 131 Md. 545, 102 Atl.

765; Perry v. Baker, 61 Neb. 841, 86 N. W. 692; Jennings v. Wood, 20 Ohio, 261; Minoso v. Cagaus, 27 Porto Rico, 888; Brown v. Stead, 5 Sim. 535, 9 Eng. Ch. 535, 58 Reprint, 439.

This is the first time the question of the extinguishment of a real estate mortgage by conveyance of the mortgaged premises to the mortgagee by the mortgagor in satisfaction of the debt secured thereby has ever been presented to this court. The foregoing statute is founded upon a well-established principle of law, and has been applied in cases involving personal property, and we hold that it is applicable to liens upon real property. It appears from the record that the mortgagors made an unconditional and absolute deed to the premises to the mortgagee, and that the same was made in satisfaction of the debt secured by the mortgage. This being the case, the trial court committed no error in sustaining the demurrer and directing the verdict in favor of the defendant.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, BUSBY, and GIBSON, JJ., concur. WELCH, PHELPS, and HURST, JJ., absent.