ALBERT H. SKILTON *vs.* JAMES W. ROBERTS & another.

Suffolk. March 6, 1879. — Sept. 8, 1880. MORTON & ENDICOTT, JJ., absent.

If land is sold, under a power contained in a mortgage, subject to outstanding
  tax titles, the mortgagee is not entitled to deduct from the proceeds of the sale
  money subsequently paid by him to redeem such tax titles; and evidence that
  it was understood and agreed, prior to the sale, between the mortgagee and the
  auctioneer, that the amount of the outstanding tax titles was to be deducted
  from the bid of the agent of the mortgagee, to whom the land was sold, is
  inadmissible.

CONTRACT by the assignee in bankruptcy of George A. Foster,
to recover the surplus of the money received upon a sale under a
power contained in a mortgage, from Foster to the defendants,
of land in Somerville, deducting the amount of the mortgage and
the interest due thereon, and the expenses of sale.

At the trial in the Superior Court, before *Pitman,* J., the
plaintiff offered in evidence the following:

1st. The mortgage, executed on July 13, 1875, containing full
covenants of warranty and against incumbrances; a condition for
the payment of $6000 in two years from that date, with inter-
est at the rate of eight per cent a year, and all taxes and assess-
ments levied or assessed upon or on account of the premises; a
power, in case of any breach of condition, to sell the premises
by public auction, giving notice by publication in a newspaper
three successive weeks, and to convey the same absolutely and
in fee simple to the purchaser, "and, out of the money arising
from such sale, to retain all sums then secured by this deed
(whether then or thereafter payable) together with interest, and
all costs and expenses, including all sums paid by said grantees
or their assigns for insurance of the premises, paying the sur-
plus, if any, to the said grantor or his assigns;" and an agree-
ment that the grantees or their assigns might purchase at such
sale.

2d. The defendants' affidavit of sale, dated September 12,
1877, setting forth the breach of condition; the notice, which
described the mortgage and the land, and concluded thus: "The
above-described premises will be sold subject to all taxes and
betterments due to the city of Somerville. Terms of sale, $500

cash at time of sale, balance in ten days thereafter;" and the sale by auction on September 11, and conveyance on September 12 to Edwin C. Dolliver for the sum of $7800, being the highest sum bid at the sale.

3d. A statement of sale, made in a letter from the defendants to the plaintiff, charging the amount of the mortgage and interest, $6843.66, the amount "paid William H. Ireland for back taxes, &c." $972.35, and the sum paid the auctioneer for selling and expenses, $41; crediting the sum obtained at the sale, $7800; and thereby showing a balance due the mortgagees of $57.01.

4th. The deed of conveyance, dated September 24, 1877, from the defendants to Dolliver, reciting the sale, and containing this clause: "The above-described premises are subject to all taxes and betterments due the city of Somerville."

It appeared, and was admitted, that on June 21, 1876, and June 13, 1877, the premises had been sold and conveyed to Ireland by the collector of taxes of the city of Somerville, for the non-payment of taxes assessed thereon on May 1 of 1874 and 1875 respectively; that the taxes for 1876 and 1877 were also due and unpaid; and that the defendants first knew of such sales for taxes just before the sale under the power in the mortgage, and after that sale had paid to Ireland, to redeem the premises from the sale for taxes, the sum of $972.35, mentioned in their letter to the plaintiff. The right so to apply that sum was claimed by the defendants, and denied by the plaintiff, at the trial.

The auctioneer was called as a witness by the defendants, and testified as follows: "I read the printed notice, and then said that the mortgagees were ready to take another mortgage from the purchaser. I do not think anything was said as to title. Ten days were given to examine it. A gentleman present asked if there were any other incumbrances. I told him there were some outstanding tax titles. I laid stress that the sale was subject to all taxes due the city of Somerville. The plaintiff bid $7750, the defendant James W. Roberts bid $7800, and that was the highest bid, and I said 'sold' to Dolliver; that was the understanding."

There was also evidence tending to show that Dolliver was not present at the sale; that he had no interest therein; that he

paid nothing, and that his name was merely used as a conduit to pass title to the defendants, to whom a deed from Dolliver was thereupon made; and that the whole transaction was in substance a purchase by the defendants, and they actually received no money.

The defendants offered to show by previous conversations with the auctioneer, not at the time and place of sale, that it was understood between them that the bid of the defendants was to be in the name of Dolliver, but for their benefit, and that the amount of the outstanding tax titles referred to was to be deducted from their bid. The defendants also offered to show what the defendants understood and intended by their bid. The judge excluded these offers of proof; and the defendants excepted.

The defendants asked the judge to rule that, upon the fore going evidence and facts, the plaintiff could not maintain his action. But the judge refused so to rule, and directed a verdict for the plaintiff, as a matter of law, for the amount claimed and interest, which was accordingly rendered; and, at the request of the defendants, the case was reported for the determination of this court.

If the exclusion of the evidence offered or the ruling and direction were erroneous, the verdict was to be set aside; otherwise, judgment to be entered thereon.

*H. W. Bragg*, for the defendants.

*R. Lund & D. F. Crane*, for the plaintiff.

GRAY, C. J. The only title which the defendants, under the power contained in the mortgage to them, had the right to advertise for sale, or to sell, was the title of the mortgagor. *Hall v. Bliss*, 118 Mass. 554. There is no evidence that Ireland, the owner of the paramount title under the sales for nonpayment of taxes, authorized the defendants or the auctioneer to sell that title also, or that the defendants or the auctioneer undertook to sell it. On the contrary, the auctioneer, when called as a witness for the defendants, testified that, at the time of the sale and before any bid was made, he said, in answer to an inquiry, that there were some outstanding tax titles. The evidence of previous conversations between the auctioneer and the defendants, not at the time and place of the sale, and of the private

understanding and intention of the defendants, not disclosed to the other bidders, was rightly excluded.

If the defendants, in order to protect their title under the mortgage, and before selling under the power, had bought up the title of Ireland under the tax sales, they would h: ? had the right to add the sum so paid to the amount of the mortgage, and to apply the proceeds of the sale under the power to the payment of both. *Davis* v. *Bean,* 114 Mass. 360. *Williams* v. *Hilton,* 35 Maine, 547. *Brown* v. *Simons,* 44 N. H. 475. *Mix* v. *Hotchkiss,* 14 Conn. 32. But in that case the estate sold under the power would have been free of the incumbrance of the tax title.

So if the title put up and sold had been the entire estate, without deducting incumbrances, the sum bid would have been for the whole value of that estate, and if the defendants, out of that sum, had discharged the claim of Ireland, the plaintiff could not have maintained this action. *O' Connell* v. *Kelly,* 114 Mass. 97. *Alden* v. *Wilkins,* 117 Mass. 216. *Morton* v. *Hall,* 118 Mass. 511.

But by the course actually pursued, the defendants have obtained bids only for the value of the estate, subject to that incumbrance, and now undertake to pay it off out of that value, thus in effect charging the mortgagor twice over with the amount of the incumbrance. They must therefore account to the plaintiff for the surplus of the purchase money, deducting only the amount due on the mortgage and the costs and expenses of sale. *Appleton* v. *Bancroft,* 10 Met. 231. *Cook* v. *Basley,* 123 Mass. 396. *Hood* v. *Adams,* 124 Mass. 481.

*Judgment on the verdict.*