## AARON HAMMOND vs. EDWIN H. LOVELL.

Worcester.   Oct. 3. — Dec. 4, 1883.   FIELD & W. ALLEN, JJ., absent.

Under a condition in a mortgage of land, given in 1874, that the mortgagor "shall pay all taxes and assessments on the granted premises," he is bound to pay the taxes assessed, under the Pub. Sts. *c.* 11, §§ 13 *&* *seq.*, upon the amount of the mortgagee's interest in the premises ; and, until he has done so, he cannot maintain a bill in equity to compel the mortgagee to discharge the mortgage.

A bill in equity by a mortgagor, to compel the mortgagee to discharge the mortgage, alleged that the defendant " agreed that, if the plaintiff would pay him the sum of $40, he would allow him to take up the balance of the same ; that the plaintiff agreed to take up said mortgage upon these terms, and then paid the defendant the balance of said mortgage and $40 in addition thereto ; and, in consideration thereof, the defendant agreed to discharge said mortgage upon the record." The mortgage contained the condition that the mortgagor "shall pay all taxes and assessments on the granted premises." *Held*, on demurrer, that the bill did not set up any agreement by the defendant to discharge the mortgage without performance by the plaintiff of all its conditions.

BILL IN EQUITY to compel the defendant to pay certain taxes, to discharge two mortgages on the record, and to pay the damages occasioned to the plaintiff by the defendant's neglect and refusal to do the acts so sought to be enforced. Hearing on bill and demurrer before *W. Allen,* J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*H. L. Parker,* for the plaintiff.

*W. W. Rice & H. L. Nelson,* for the defendant.

MORTON, C. J. One of the conditions of the mortgages given, in 1874, by the plaintiff to the defendant, is that the mortgagor "shall pay all taxes and assessments on the granted premises." The principal question in this case is whether, under this stipulation, the plaintiff is bound to pay the taxes assessed for the year 1882 upon the amount of the interest as mortgagee.

A material change in the mode of taxing mortgaged real estate was made by the St. of 1881, *c.* 304, reënacted in the Pub. Sts. *c.* 11, §§ 13 *& seq.* Under these statutes, mortgagors and mortgagees are, for the purposes of taxation, to be deemed to be joint owners, until the mortgagee takes possession, and the assessors are required to assess upon the land the amount of the mortgagee's interest, and also the amount of the mortgagor's interest after deducting the assessed value of such mortgagee's interest; and all taxes thus assessed constitute a lien upon the land for two years after they are committed to the collector, and may be enforced by a sale of the land. Pub. Sts. *c.* 12, § 24. Loans on mortgage of real estate, thus taxable as real estate, are not to be included for purposes of taxation in debts due to the person to be taxed. St. 1881, *c.* 304, § 6. Pub. Sts. *c.* 11, § 4.

Before the St. of 1881, mortgagors in possession were liable to be assessed for the full value of the real estate, and mortgagees were liable to be assessed for the amount of the loans upon mortgage, as debts due to them; and the object of the statute was, as its title imports, to relieve property from this liability to double taxation. But although, under these statutes, a mortgagee may in some cases be relieved from taxation upon his loan, as a debt due him, being more than he is indebted or pays interest for, still the tax is a tax upon the land. If a mortgagor, since the passage of the statute, chooses to stipulate, as one of the

conditions of his mortgage, that he will pay all taxes upon the land, it would include taxes levied upon the land under these statutes.

The Legislature did not intend to interfere with or control the relations existing by contract between mortgagors and mortgagees. The plaintiff is bound by his contract, as between him and the mortgagee, to pay all taxes assessed upon the premises. This stipulation was designed to protect the security in the mortgagee's hands so that it should not be lessened by a lien for taxes, and the plaintiff is not excused from his obligation by the new statutes changing the form of levying taxes upon the land so as to prevent double taxation in certain cases.

We are therefore of opinion that it is the duty of the plaintiff to pay the whole of the taxes assessed upon the premises for the year 1882. *Codman* v. *Johnson*, 104 Mass. 491. *Walker* v. *Whittemore*, 112 Mass. 187.

This being so, the plaintiff has no ground for relief in equity. All he has to do to obtain a discharge of the mortgages is to perform his duty and pay the taxes. He who seeks equity must do equity. While he refuses to pay these taxes, which his contract imposes upon him, he cannot invoke the aid of a court of equity to compel the defendant to discharge the mortgages, while he is exposed to the chances of a demand upon him for the payment of the taxes. He is not obliged to discharge the mortgages until the plaintiff has performed the conditions, unless upon good consideration he has agreed to do so. The bill does not set up any such agreement. The bill alleges that the defendant " agreed that, if the plaintiff would pay him the sum of $40, he would allow him to take up the balance of the same; that the plaintiff agreed to take up said mortgages upon these terms, and then paid the defendant the balance of said mortgages and $40 in addition thereto; and, in consideration thereof, the defendant agreed to discharge said mortgages upon the record." These allegations are ambiguous; but we think the fair construction is, that the consideration of the promise to discharge the mortgages on record was not merely the payment of $40, but in addition the agreement of the plaintiff to take up the balance of the mortgages; which means that he should perform all the conditions, and pay all the money which they required him to

pay. The other allegations of the bill show that the plaintiff has not taken up, and is not willing to take up, the balance of the mortgages, the main ground upon which the bill proceeds being that it is not the duty of the plaintiff, but that it is the duty of the defendant, to pay the taxes in dispute.

We are of opinion that the bill does not state a case which entitles the plaintiff to the relief he seeks.    *Bill dismissed.*