SUMNER B. PEARMAIN *vs.* MASSACHUSETTS HOSPITAL LIFE INSURANCE COMPANY & another.

Suffolk. March 14, 1910. — September 7, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Mortgage,* On real estate, Rights of junior mortgagee upon payment by him of overdue taxes. *Equity Jurisdiction,* Subrogation. *Tax.*

The taxes upon certain real estate, which was subject to two mortgages, being overdue and unpaid, the property was advertised for sale by the collector of taxes. The first mortgagee thereupon gave notice to the second mortgagee that, if the taxes were not paid, he would foreclose the first mortgage, and the second mortgagee, "in consequence of the situation disclosed by this notice," paid the taxes and received from the tax collector the certificate described in R. L. c. 13, § 65, which he recorded. Over two years later, for breach of the conditions of the mortgage in non-payment of interest and taxes of later years, the first mortgagee foreclosed his mortgage by sale under a power of sale therein, and the property was sold to him for a price not more than enough to satisfy the first mortgage debt. Before the sale the second mortgagee demanded repayment of the amount which he had paid for taxes, or to be secured therefor out of the

proceeds of the sale. Upon the first mortgagee's refusing to comply with the demand, the second mortgagee by a bill in equity against him sought either payment to him of the amount he had paid to the tax collector or subrogation to the lien of the tax collector upon the land for the amount which he had paid. *Held*, that the suit could not be maintained, since in paying the taxes the second mortgagee had acted, not for the purpose of preventing a sale by the collector of taxes, but for the purpose of preventing the first mortgagee from foreclosing his mortgage, and therefore the payment was voluntary as to the first mortgagee and had extinguished the tax lien.

Rugg, J.   The plaintiff held a second, and the defendant insurance company, hereinafter called the defendant, a first mortgage upon certain real estate. The taxes upon the premises for 1904 were overdue and unpaid and the collector of taxes had advertised them for sale therefor in September, 1906, when the defendant gave notice to the plaintiff that, if they were not paid, it would foreclose its mortgage. It has been found as a fact that " in consequence of the situation disclosed by this notice the plaintiff, as second mortgagee, paid the taxes," receiving from the tax collector the certificate provided by R. L. c. 13, § 65, which was duly recorded. Thereafter in December, 1908, the defendant foreclosed its mortgage because of default in payment of a semiannual instalment of interest due in September, 1908, and of taxes for 1905, 1906 and 1908, and itself purchased the property at the foreclosure sale for no more than enough to satisfy its mortgage debt. Before the sale the plaintiff demanded repayment of the sum paid by him for taxes, or that he be secured therefor out of the proceeds of the sale. Upon the defendant's refusal to recognize any right to reimbursement, the plaintiff brought this suit in equity, praying for repayment of the amount he had paid for taxes or for subrogation to the lien of the tax collector.

It is plain that there was no obligation on the part of the defendant as first mortgagee to pay the taxes for the protection of a junior mortgagee. As between the defendant and the mortgagor that duty was cast upon the latter by the terms of the mortgage, and for failure in the performance of this duty the defendant was given the power to sell the real estate. *Hammond* v. *Lovell*, 136 Mass. 184. When the mortgagor failed to perform that duty, the only way in which the defendant could protect itself with certainty against a paramount lien growing out

of a tax deed was by foreclosure of its mortgage. It notified the plaintiff of its intention thus to protect itself, and he paid the taxes in consequence of the information thus conveyed to him. This finding means that the plaintiff paid the taxes, not for the purpose of preventing a sale by the collector of taxes, but for the purpose of preventing the defendant from foreclosing its mortgage under the power contained therein. He did not make the payment at the request expressed or implied of the defendant, but solely to the end that the latter might be deprived of the right it otherwise would have had to foreclose its mortgage for breach of one of its conditions. A payment of taxes under these circumstances was made primarily not to relieve the estate of the tax lien, but to prevent the rights of the second mortgagee from being wiped out by a foreclosure of the first mortgage. He might have permitted the foreclosure to proceed and have protected himself, so far as he was able, by bidding at the sale, but he preferred to preserve his mortgage intact and to avail himself, so far as the mortgagor was concerned, of the rights secured by tacking the taxes to his mortgage debt under the provisions of R. L. c. 13, §§ 62, 65.

The payment of the taxes by the plaintiff upon these facts must be held to have been voluntary as to the defendant. Such payment by a junior mortgagee merely to protect himself from the foreclosure of an earlier mortgage extinguishes the lien for taxes as between the two mortgagees. It follows that there can be no recovery from the defendant.

The ground upon which this decision is put distinguishes it from cases of which *Connecticut Mutual Life Ins. Co.* v. *Bulte,* 45 Mich. 113, 121, is an example. Hence it becomes unnecessary to discuss the relative rights of two mortgagees when a junior pays the taxes in order to relieve the estate from the lien, or to determine whether that subject has been so fully covered by statute as to supersede other actions and remedies under the rule of *Doyle* v. *Kirby,* 184 Mass. 409, and *Attorney General* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 194; and no opinion is expressed upon either of these points.

*Bill dismissed with costs.*

*G. W. Anderson,* for the plaintiff.

*J. R. Dunbar,* (*F. Brewster* with him,) for the defendants.