EMILY N. WIGGIN *vs.* LOWELL FIVE CENT SAVINGS BANK.

Middlesex.     November 10, 1936. — March 1, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Mortgage,* Of real estate: taxes.

Under a first mortgage of real estate with the statutory condition and a condition in substance that the mortgagee should on demand be reimbursed for all sums paid by him for taxes upon the mortgaged premises, the mortgagee became entitled, as against a second mortgagee, to pay long overdue taxes and add the amount paid to the amount secured by his mortgage.

CONTRACT. Writ in the District Court of Lowell dated November 2, 1935.

The Appellate Division for the Northern District ordered dismissed a report by *Hill,* J., who found for the defendant. The plaintiff appealed.

*F. G. Bauer,* for the plaintiff.

*F. M. Qua,* for the defendant.

FIELD, J. This is an action of contract for money had and received brought in a district court, where the plaintiff's requests for rulings were denied and there was a finding for the defendant. There was a report to the Appellate Division which was dismissed, and an appeal to this court. The case was heard upon an agreed statement of facts and additional evidence.

There was no error.

The parties agreed upon these facts: The plaintiff is a second mortgagee of real estate in Lowell under a mortgage for the principal sum of $1,200. The defendant is the first mortgagee of such real estate under a mortgage for the same principal sum. The mortgages were given on the same day (April 27, 1920) and both were recorded on the next day. The mortgagor failed to pay the taxes for the years 1930 and 1931, and such taxes, amounting in the aggregate to $164.99, were paid by the defendant respec-

tively on August 19, 1931, and September 9, 1932, "in order to preserve its security unimpaired," but it "recorded no so-called mortgagee's certificate therefor."

The defendant's first mortgage contained the following provision: "This mortgage is upon the Statutory Condition, and also upon the condition that the grantor or her heirs, executors, administrators or assigns shall pay on demand to the grantee or its assigns all such sums as they shall pay for taxes and assessments on the granted premises and for insurance on the buildings on said premises, with interest; shall keep all policies of insurance on said buildings payable to and deposited with the grantee or its assigns; and shall not commit or suffer any breach of any law or ordinance relating to buildings on said premises; for any breach of which conditions the mortgagee shall have the Statutory Power of Sale, said sale to be at any place in said Lowell." There was no other language in this mortgage affecting the payment of taxes and no provision in the second mortgage which imposed any obligation upon the second mortgagee to the first mortgagee. "In accordance with the statutory condition, the policy of insurance on said property was duly made payable to the defendant as first mortgagee and to the plaintiff as second mortgagee."

On October 25, 1935, the interest on the first mortgage had been paid but the second mortgage was in arrears. The mortgagor had then parted with the property. On that day the plaintiff made an entry for the purpose of foreclosing her second mortgage and the certificate of possession was recorded on the same day. On that day also the plaintiff tendered to the defendant the sum of $1,200, but the defendant refused to accept it, demanded the further sum of $164.99 for taxes paid by it, and refused to discharge the mortgage unless this additional amount was paid. On the preceding October 5 a fire had damaged the property. The insurance loss was adjusted for the sum of $1,772, which was collected by the defendant. The defendant paid over to the plaintiff $470.01 — being the sum of $1,772 collected as insurance less $1,200, the amount of the principal of the first mortgage, and $164.99, the amount of the taxes paid

by the defendant — "stipulating that if it should be decided that the defendant was not legally entitled to retain the sum of $164.99 it would repay the same to the plaintiff. . . ." "Nothing except as above stated was due on said first mortgage. The amount due the plaintiff on her second mortgage exceeds the sum of" $572.

The "Statutory Condition" incorporated by reference in the first mortgage is, in part: "Provided, nevertheless . . . that if the mortgagor, or his heirs, executors, administrators, successors or assigns . . . shall pay when due and payable all taxes . . . on the mortgaged premises . . . [and] shall keep the buildings on said premises insured against fire in a sum not less than the amount secured by the mortgage or as otherwise provided therein for insurance for the benefit of the mortgagee and his executors, administrators and assigns . . . then the mortgage deed, as also the mortgage note or notes, shall be void." G. L. (Ter. Ed.) c. 183, § 20. See St. 1913, c. 369.

This action is brought to recover the sum of $164.99 retained by the defendant. No question other than the defendant's right to retain this sum is presented by the denial of the plaintiff's requests for rulings or by the report.

The plaintiff makes no contention that, if the defendant had a right to pay the taxes and add the amount so paid to the amount secured by its first mortgage, the defendant was not entitled to retain such amount out of the money collected on the insurance policy. See *Palmer Savings Bank* v. *Insurance Co. of North America,* 166 Mass. 189; *Amory* v. *Reliance Ins. Co.* 208 Mass. 378. But the plaintiff contends that the defendant had no right to pay such taxes and add the amount so paid to the amount secured by its first mortgage, particularly since "no so-called mortgagee's certificate therefor" was recorded in pursuance of G. L. (Ter. Ed.) c. 60, § 60.

The agreed facts do not show that the defendant had not that right — even apart from G. L. (Ter. Ed.) c. 60, § 58, and that section as amended by St. 1932, c. 2. See also G. L. (Ter. Ed.) c. 60, § 60.

The primary liability for the payment of the taxes to the

city rested upon the mortgagor. G. L. (Ter. Ed.) c. 59, § 11. But these taxes also were liens upon the mortgaged real estate having priority over both the first and second mortgages. G. L. (Ter. Ed.) c. 60, § 37. *Equitable Trust Co. of New York* v. *Kelsey,* 209 Mass. 416, 418. No duty rested on the defendant, the first mortgagee, either to the mortgagor or to the plaintiff, the second mortgagee, to pay the taxes. *Pearmain* v. *Massachusetts Hospital Life Ins. Co.* 206 Mass. 377, 378. That duty as between the defendant, the first mortgagee, and the mortgagor or his assigns was cast, by the conditions of the mortgage, upon the mortgagor or his assigns to the extent, at least, of the mortgaged real estate, even if, since the mortgage contained no covenant by the mortgagor to pay taxes, as distinguished from a condition, no action would lie against the mortgagor for breach of that duty. *Hammond* v. *Lovell,* 136 Mass. 184, 186. *Harris Realty Co.* v. *Epstein,* 266 Mass. 366, 368. See also *Worcester* v. *Boston,* 179 Mass. 41, 50–51, where, though the mortgage contained a covenant to pay taxes, the court relied upon the condition. See also *Pearmain* v. *Massachusetts Hospital Life Ins. Co.* 206 Mass. 377, 378. These conditions were for the protection of the defendant's security against liens for taxes. And the plaintiff had notice of such conditions by reason of the record of the first mortgage.

The defendant might have resorted to other methods of protecting its security and obtained full payment of its mortgage, without diminution by the amount of the taxes, unless the mortgaged premises proved to be of insufficient value to pay both the taxes and the defendant's mortgage. This result would have followed from a sale for breach of the statutory condition to "pay when due and payable all taxes," (see *Stevens* v. *Cohen,* 170 Mass. 551, 554) since the premises would have been sold subject to the lien for such taxes (see G. L. [Ter. Ed.] c. 244, § 14; *Skilton* v. *Roberts,* 129 Mass. 306; *Brooks* v. *Bennett,* 277 Mass. 8, 15–16), and the amount due on the defendant's mortgage would have been a first charge upon the proceeds of the sale. Or, if the mortgaged premises had been sold for taxes, the de-

fendant could have purchased the tax title and added the amount so paid to the amount due on the mortgage. *Skilton* v. *Roberts*, 129 Mass. 306, 309. *Worcester* v. *Boston*, 179 Mass. 41, 51. Whatever would have been the rights of the defendant if the statutory condition stood alone, it is clear that the further condition incorporated in the mortgage authorized the defendant, as first mortgagee, to pay the taxes, without waiting for a tax sale, and to demand reimbursement thereof from the mortgagor or his assigns, and that a breach of the condition to make such reimbursement upon demand would be a ground for foreclosure by sale. We think it clear also that, upon such a sale, amounts paid by the defendant for taxes in accordance with the condition would be added to the amount secured by the first mortgage as a first charge upon the proceeds of such a foreclosure sale. They would fall within the description of "expenses incurred or sustained" by the defendant as the holder of the first mortgage "by reason of . . . default in the performance or observance of the condition of the mortgage," which the defendant would have been entitled to retain out of the proceeds of the sale. See G. L. (Ter. Ed.) c. 183, § 27. And neither the mortgagor nor the plaintiff, as second mortgagee, would be entitled to a discharge of the first mortgage on more favorable terms. *Hammond* v. *Lovell*, 136 Mass. 184. *Harris Realty Co.* v. *Epstein*, 266 Mass. 366, 369. It follows that the defendant, the first mortgagee, as against the second mortgagee was entitled to add amounts paid for taxes in conformity with the condition of the first mortgage to the amount secured by that mortgage. See *Equitable Trust Co. of New York* v. *Kelsey*, 209 Mass. 416, 418; Jones on Mortgages of Real Property (8th ed.) § 441.

We do not understand the plaintiff to contend that the taxes were not paid by the defendant in strict compliance with the condition of the mortgage. It is agreed that they were paid by the defendant "in order to preserve its security unimpaired." In each instance the tax when paid was long overdue, interest on it was accumulating (see G. L. [Ter. Ed.] c. 59, § 57), and the defendant's security was dimin-

ishing.   The mortgaged premises were liable to be sold or taken for taxes (G. L. [Ter. Ed.] c. 60, §§ 37, 53), though the record does not show whether or not proceedings to that end had been begun or threatened.   Without laying down any more definite rule as to the circumstances in which the defendant, under the condition of the mortgage, was entitled to pay the taxes, it is sufficient to say that the record does not show that, at the times the taxes were paid, the defendant was not entitled to make such payments.

Since, for the reasons stated, the decision must be for the defendant, we need not decide whether its right to retain the amount sued for could be placed on any other or broader ground.   The provisions of G. L. (Ter. Ed.) c. 60, § 58, and that section as amended by St. 1932, c. 2 (see also G. L. [Ter. Ed.] c. 60, § 60), extended, but did not limit, the remedy of a mortgagee in the position of this defendant. *Stevens* v. *Cohen*, 170 Mass. 551, 554.   *Dillon* v. *Lange*, 280 Mass. 427, 429.

It would seem that the additional evidence, tending to show that the notices of interest sent by the defendant to the owner of the equity made no reference to the payment of taxes, presents no question of law for our decision.   But, in any event, such evidence did not require a finding that the defendant was estopped to retain the amount sued for.

*Order dismissing report affirmed.*