NATICK FIVE CENTS SAVINGS BANK *vs.* FREDERICK K. BAILEY & another.

Middlesex.    November 8, 1940. — December 2, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Mortgage,* Of real estate: taxes.

The holder of a note, secured by a mortgage of land in the Massachusetts statutory form, who purchased the land at a foreclosure sale "subject to . . . outstanding . . . taxes" and thereafter paid such taxes, could not recover the amount thereof from the mortgagor.

Section 58 of G. L. c. 60, as amended by St. 1932, c. 2, gave to a mortgagee, after he had purchased the mortgaged land at a foreclosure sale "subject to . . . outstanding . . . taxes," and then had paid the amount of those taxes, no right to add such amount to a sum still due on the mortgage debt and recover it in an action against the mortgagor.

CONTRACT. Writ in the Superior Court dated April 5, 1938.

The case was heard by *Hanify,* J.

*W. R. Bigelow,* for the plaintiff.

*S. T. Lakson,* for the defendants, submitted a brief.

FIELD, C.J.    The plaintiff in this action is the mortgagee and the defendants are the mortgagors under a mortgage in statutory form upon the statutory condition and with the statutory power of sale (see G. L. [Ter. Ed.] c. 183, §§ 18 [Appendix, Form (5)], 19, 20, 21), of certain land in

Natick.   The mortgage, dated October 31, 1932, was to secure the payment of a promissory note of the defendants of the same date, payable in one year from that date, with interest thereon payable semiannually.   For breach of condition the plaintiff foreclosed the mortgage under the power of sale and sold the land for $6,000 at public auction on August 12, 1935, to itself as purchaser "subject to . . . all . . . outstanding tax titles, municipal or other public taxes, assessments, liens or claims in the nature of liens." G. L. (Ter. Ed.) c. 244, § 14.   At the time of the foreclosure sale there "was due to the plaintiff on the note which the mortgage secured, the principal amount of $6,000 and $235 interest, making a total of $6,235."   The expenses of foreclosing the mortgage aggregated $64.30.   The mortgaged property was then subject to taxes as follows: "For 1932 a balance of $162.12;  1933, $411.37;  1934, $389.88;  1935, $373.77;  total $1,337.14;  and also subject to water and sewer bills amounting to $19.85."   After the recording of the deed upon foreclosure to the plaintiff as grantee, in November, 1935, and before this action was commenced, the plaintiff paid said taxes and sewer and water bills.

This action was brought in the Superior Court to recover the balance due upon the note and mortgage from the defendants to the plaintiff after the foreclosure sale.   It was heard upon a case stated in which the facts above set forth appear.   The trial judge found for the plaintiff in an amount equal to the unpaid interest and the expenses of foreclosure, with interest thereon from the date of the foreclosure sale.   The plaintiff appealed (see G. L. [Ter. Ed.] c. 231, §§ 96, 126; *Frati* v. *Jannini,* 226 Mass. 430; *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 108, 109), and contends that it is entitled to recover in this action, in addition to the amount of the unpaid interest and the expenses of foreclosure, the amount of the taxes and sewer and water bills paid by it.   This contention cannot be sustained.

The defendants' primary obligation was on the note.   The mortgage was given to secure the performance of this obligation.   All the agreements, covenants and conditions of the

mortgage were for this purpose and for the purpose of protecting the security against impairment. As a result of the foreclosure sale the plaintiff has received on account of the defendants' primary obligation the amount — $6,000 — paid by the plaintiff for the property sold at such sale less the expenses of foreclosure. G. L. (Ter. Ed.) c. 183, § 27. It must be assumed that the price bid for the property sold to the plaintiff — the real estate subject to the unpaid taxes and municipal liens, G. L. (Ter. Ed.) c. 244, § 14 — was a fair price therefor. "In other words, the bank was content to pay for the property a sum equal to the mortgage, . . . unpaid taxes . . . and assessments." *Spencer Savings Bank* v. *Cooley,* 177 Mass. 49, 51. *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 171. Consequently there remained due to the plaintiff upon the defendants' primary obligation ($6,000 with interest) only the amount of the unpaid interest and the expenses of foreclosure — the amount of the finding for the plaintiff.

The plaintiff can recover no larger amount unless by reason of some breach of an obligation created by the mortgage itself. The obligation of the defendants to pay taxes and municipal liens appears specifically only in the condition of the mortgage. If, however, we assume in favor of the plaintiff — as we do not decide — that this obligation was a matter of covenant as well as of condition (see *Wiggin* v. *Lowell Five Cent Savings Bank,* 299 Mass. 518, 521) the plaintiff's recovery can be no greater than that which was allowed. The obligation to pay taxes and municipal assessments, however construed, was solely for the protection of the security of the plaintiff as mortgagee against impairment. See *Harris Realty Co.* v. *Epstein,* 266 Mass. 366, 369; *Wiggin* v. *Lowell Five Cent Savings Bank,* 299 Mass. 518, 521. Damages recoverable by the plaintiff as mortgagee for breach of this obligation cannot exceed the amount of the loss sustained by it as mortgagee by reason of such impairment of its security. The facts of the case do not show that the plaintiff as mortgagee has sustained any loss for this reason in excess of the amount found due — the amount of the debt secured by the mortgage reduced by

the amount received by the plaintiff from the foreclosure sale. See *Locke* v. *Homer,* 131 Mass. 93, 108; *Paro* v. *St. Martin,* 180 Mass. 29, 31; *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 172, 173. Of course the plaintiff as purchaser at the foreclosure sale cannot recover any additional amount by reason of the nonpayment of the taxes and other municipal assessments, for it bought the real estate at the foreclosure sale subject to such taxes and assessments. And the payment of such taxes and assessments was in substance a payment of a part of the purchase price of the real estate that it acquired at the foreclosure sale. See *Spencer Savings Bank* v. *Cooley,* 177 Mass. 49, 51. The plaintiff sustained loss only so far as the value of the property sold at the foreclosure sale was insufficient to pay the debt secured by the mortgage. Recovery by the plaintiff, in addition to this amount, of the amount paid by the plaintiff, after the foreclosure sale, for taxes and other municipal assessments would be a double recovery by the plaintiff to the extent of this additional amount and would require the defendants to make a double payment thereof — once by way of reduction in the price obtained at the foreclosure sale and once by way of the judgment for the deficiency.

The plaintiff urges that it had the right to pay the taxes and municipal assessments and have the amount so paid added to the mortgage debt. (There is no contention that any different principle is applicable to the small amount of the water and sewer bills than is applicable to the amount of the taxes, and consequently we confine our discussion to the taxes. See, however, G. L. [Ter. Ed.] c. 40, §§ 42A–42F.) Undoubtedly this is one of the methods available to a mortgagee for the protection of its security against impairment by liens for taxes. See G. L. (Ter. Ed.) c. 60, §§ 58–60, as amended; *Wiggin* v. *Lowell Five Cent Savings Bank,* 299 Mass. 518, 520–522; *Choate* v. *Assessors of Boston,* 304 Mass. 298, 304. But this protection is effected by discharging the paramount lien for taxes and thus increasing the value of the property that can be sold at a foreclosure sale. For aught that appears in this case a payment of the taxes before foreclosure would have increased

the value of the property sold by as great an amount as it would have increased the mortgage debt, and the deficiency would have been no greater than that found in this case. The plaintiff, however, did not adopt this method but bought the mortgaged property at the foreclosure sale subject to the unpaid taxes. Payment of the taxes by the plaintiff thereafter would not fall within the statute permitting the holder of a mortgage to pay the taxes on the mortgaged land and add the amount so paid to the mortgage debt. G. L. (Ter. Ed.) c. 60, § 58, as amended. The land was no longer mortgaged land. With relation thereto the plaintiff was no longer the mortgagee thereof holding title thereto for security, but was the owner thereof free from the mortgage. See *Massachusetts Hospital Life Ins. Co.* v. *Shulman,* 299 Mass. 312, 315. Payment of the taxes by the plaintiff would not serve to protect its security from impairment, but would serve to protect its title to the land as owner and enhance the value thereof, though by its purchase at the foreclosure sale it acquired only the land subject to the unpaid taxes. Obviously it is not within the contemplation of the statute that the plaintiff be permitted to purchase the defendants' property at a foreclosure sale at a reduced price because it is subject to a lien for taxes and then compel the defendants to pay the cost of discharging such lien.

*Judgment for the plaintiff on the finding.*