Keniston, J.
Between 1921 and 1925 Thomas Milton Taylor gave to the Quincy Trust Company four mortgages on a parcel of property in Quincy to secure the payment of three loans of $5000. each and a fourth loan of $2000. Taylor died in 1931 leaving a will naming his wife, Jane W. Taylor, as executrix. By this will the property on which the four loans were outstanding was devised to the widow and to a niece of the mortgagor. On June 10, 1932, the defendant filed a claim against the Estate based upon the four mortgage notes and on the same day commenced legal proceedings to collect said notes but no execution has issued in the suit. Early in 1938 the defendant topfc possession of the property under the fourth mortgage and advertised the foreclosure, setting forth in the notice that the property would be sold subject to the three prior mortgages, of $5000. each. On February 11,1938, the date of the foreclosure sale, there was due on account of the fourth mort *441 gage $2027.84, of " Which $1850. was principal, $33.93 was interest and" $143.91 the ■ foreclosure expenses, and there was due on that date $13,443.28 on account of the three prior mortgages. The defendant bought the interest in the property sold at the foreclosure sale for $5000. or $2972.16 more than the amount due on account of the fourth mortgage, including the foreclosure expenses. On February 25, 1938, the defendant sold the property free of mortgages to one Thomas F. Carey and as consideration for the conveyance, received a note in the sum of $19,500., secured by a mortgage on this property. On February 25, 1938, Jane Taylor, executrix of the Estate of the original mortgagor and one of the devisees of the property, made an assignment to the plaintiff of any claim she might have against the defendant for the difference between the amount due on the fourth mortgage and the price bid for the interest foreclosed at the sale and in this action the assignee seeks to recover this difference. The other devisee joined in this assignment. The court found for the plaintiff.
The defendant seasonably filed twenty-three requests for rulings and claims to be aggrieved by the denials and ruling upon certain requests as follows:
1. The proceeds of a foreclosure sale, after the satisfaction of the foreclosed mortgage, may be applied by the foreclosing mortgagee to the satisfaction of any prior mortgages held by it from the mortgagor on the foreclosed premises. Denied*
3. The defendant, at the time of the foreclosure sale, was entitled to apply the funds in its hands from the foreclosure sale to the debts owed to it by the mortgagor. Denied — I find that there were no debts owed by the mortgagor to the defendant after the sale.
4. The rights of the plaintiff in this action were only the rights of the mortgagor named in the four mort *442 gages, and no more, said - rights having been acquired from the mortgagor’s executrix. Denied — Bights of the plaintiff’s assignor were acquired through will and not through executrix.
6. Until the notes held by the defendant were paid, the defendant had the right to apply any funds of the mortgagor or his successor coming into its hands to the satisfaction of the notes. Denied — see 3.
7. There is still due the defendant, on account of the promissory notes of the plaintiff’s predecessor held by it, overdue and unpaid, an amount in excess of $10,000. Denied.
8. The defendant’s plea of payment in this action is sustained by its application of the proceeds of the foreclosure sale to the partial satisfaction of the unpaid notes of the plaintiff’s predecessor held by it. Denied.
10. There is no evidence in this case that the defendant intended to merge the prior, mortgages into the title acquired by it at the foreclosure sale. Denied.
11. There is ample evidence that the defendant did intend to allow its two estates to stand together. Denied — there is some evidence but not “ample.”
13. "Whether or not there was a merger depends upon the best interest of the purchaser of the equity of redemption. Denied — purchaser’s best interest does not necessarily coincide with his intent or with his acts.
14. “There is nothing in the case at bar which would justify a ruling that the defendant, because of its bid at the sale and of the sale to it, acquired an excess of money which in equity and good conscience he should pay to the mortgagor or his successor.”’ Denied.
15. Foreclosure is not payment, and does not discharge the mortgage debt, unless the parties so agree. Denied — It is payment and a discharge to the extent of the-proceeds realised upon foreclosure.
19.. The extinguishment of a mortgage does not extinguish the mortgage note or debt.. Denied — inapplicable — see 3.
20.. A merger will not be effected or a debt extinguished when the mortgagee has an interest to. maintain. Denied — see 13.
*443 The defendant also .claims to be aggrieved by the allowance and qualified rulings upon other requests as follows:
2. At the time of the foreclosure sale, the mortgagor was indebted to the defendant in excess of $13,000, which indebtedness was overdue and unpaid, and was owed by the mortgagor to the defendant. Allowed — asswmmg this refers to a time when the sale was not completed.
5. At the time of the foreclosure, the defendant was the holder of four promissory notes from the mortgagor, which were overdue and unpaid in accordance with their terms in an amount of approximately $15,000. Allowed — on assumption stated in 2.
12. There is no evidence of the intent of the plaintiff’s assignor. Allowed — if material.
16. An assignment in fraud of creditors gives no right to the assignee named therein. Allowed — if material.
17. The plaintiff took his instrument of assignment with full knowledge of the existence of the notes and claim of the defendant. Allowed — if material.
22. A merger of the mortgage and the equity does not take place when the manifest interest of the mortgagee is to acquire the mortgage interest, especially where the interest of the mortgagee requires that he should continue to hold his two different titles distinct to protect him against some other interest which would intervene between the two estates in case they were held to be merged. Allowed — however I find there was a merger as is shotvn by the fact that after purchasing at the foreclosure sale subject to the three prior mortgages the defendant shortly thereafter conveyed the premises free and clear of a/ny mortgage. In view of these facts I deem this request inapplicable.
The defendant bought the property at the foreclosure sale of the fourth mortgage subject to the three prior mortgages for $5000., which amount was $2972.36 more than was due on the fourth mortgage after deducting from the pur *444 chase price the foreclosure expenses. In other words the defendant was willing to pay a sum in excess of the amounts due upon the fourth mortgage and the three prior mortgages. Natick Five Cents Savings Bank v. Bailey, 307 Mass. 500. Antonellis v. Weinstein, 258 Mass. 323. Spencer Savings Bank v. Cooley, 177 Mass. 49.
The defendant became by the sale the holder of the title under the fourth mortgage, free from the mortgagor’s right of redemption. Kinsley v. Ames, 2 Met. 29. Barry v. Dudley, 282 Mass. 258. The defendant being also the holder of the three prior mortgages and there being no intervening encumbrances or outstanding interests in any other person, the three prior mortgages merged and the prior mortgage debts were extinguished. Dickason v. Williams, 129 Mass. 182. Pearson v. Bailey, 180 Mass. 229, 231. Kneeland v. Moore, 138 Mass. 198.
The defendant claims the right to credit the excess paid above the amount due upon the fourth mortgage against the sums due upon the three prior mortgages, that this constitutes payment and is a defense to this action. It bases its claim upon the language quoted in its brief from Loud v. Lane, 8 Metcalf, 517, 518 & 519 as follows:
“The general rule is, that where the legal title by the mortgage becomes united with the equitable title, so-that the owner has the whole title, the. mortgage is merged and extinguished by the unity of possession. But if the owner of the legal title and equitable titles has an interest in keeping those titles distinct, he has a right so to keep them,, and the mortgage will not be extinguished.’ ’
In the present ease, however, there were no intervening-mortgages, attachments, leaseholds, dower rights or other interests, which would be given priority or adversely affect the- security of the prior mortgages, if there were a *445 merger, as were present in the cases cited by the defendant in-its brief. '.The defendant was the holder of all prior encumbrances.
The defendant argues that it was not its intention that there should be a merger and that this would prevent a merger. The report contains no evidence regarding the intention of the defendant other than the inferences that may be drawn from the conduct of the defendant in conveying the property to Carey with no mention of the prior mortgages and in taking back from Carey a mortgage with no mention of prior mortgages. The defendant has thus dealt with the property as if it were the owner of the entire interest in the property discharged of mortgages. It cannot consistently maintain that it could convey the property free of mortgages to Carey and that the mortgage obligations of the three prior mortgages had not been extinguished. The inferences properly drawn from these conveyances, supported, if they did not require, a finding that the defendant did intend that a merger of the prior mortgages resulted from its purchase of the equity of redemption at the foreclosure sale. No such facts are contained in the report of the present ease as are found in the following cases where an opposite result was reached. Aldrich v. Blake, 134 Mass. 582. Cheffee v. Geageah, 253 Mass. 586. Shapiro v. Bailen, 293 Mass. 121. Pearson v. Mulloney, 289 Mass. 508. O’Brien v. Hovey, 239 Mass. 37.
The defendant also argues that it was against the interest of the defendant that there should be a merger and therefore there would be no merger. It v/ould doubtless be to the advantage of the defendant to transfer the property as if the prior mortgages had merged and been extinguished and also to credit the excess from the foreclosure sale against the balance of the prior mortgage notes. The defendant, however, has bought the property subject to the *446 prior mortgages and their encumbrances formed a part of the purchase price. To then allow it to credit this excess against the prior mortgage notes would be in effect to allow, to that extent, double recovery. Natick Five Cents Savings Bank v. Bailey, 307 Mass. 500, 503. Spencer Savings Bank v. Cooley, 177 Mass. 49, 51. Skilton v. Roberts, 129 Mass. 306, 309.
The denial of requests numbered 1, 3, 6, 7, 8,10,11,13,14, 15, 19 and 20, all present the same questions as are raised by the defendant’s contentions considered above and no further amplification seems necessary. They were all properly denied.
Request No. 4 was properly denied on the facts set forth in the report and, so far as the issues of the law are concerned, it seems immaterial from whom the plaintiff’s rights were acquired.
The defendant was not prejudiced by the qualified allowances of requests numbered 2 and 5, nor was there error in the allowance of requests numbered 12, 16 and 17 as immaterial. The allowance of request number 22 with the findings of facts set forth was justified by the evidence reported and the ruling that it was inapplicable was proper.
There being no error a majority of this division is of the opinion that the report should be dismissed. So ordered.

 The trial court’s rulings and findings on each of the defendant’s requests for rulings are printed in italics following the request.