LESTER S. WALLERSTEIN *vs.* BOARD OF BAR EXAMINERS. April 5, 1993. *Board of Bar Examiners. Fair Information Practices Act.*

Lester S. Wallerstein, a member of the Massachusetts bar, requested the defendant, Board of Bar Examiners (board), to disclose to him his score in the multistate bar examination. The board refused. Wallerstein sought declaratory and injunctive relief and exemplary damages in the Superior Court. A judge of that court allowed the board's motion to dismiss the action pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). Wallerstein appealed, and we transferred the case to this court on our own initiative. We affirm.

Wallerstein relies on the Fair Information Practices Act, G. L. c. 66A (1990 ed.) (FIPA). FIPA requires a "holder" of personal data to disclose such data to the individual referred to. G. L. c. 66A, §§ 1-2. If the board is a "holder," it must inform Wallerstein of his score. § 2 (*i*). A holder is an "agency" or an entity that holds personal data pursuant to a contract or arrangement with an "agency." § 1. According to § 1, an "[a]gency" is "any agency of the executive branch of the government . . . or any authority created by the general court to serve a public purpose, having either statewide or local jurisdiction." Wallerstein says that the board is a "holder," and therefore must disclose his multistate bar examination score because, although the board is not within the executive branch of the government, it is "an authority created by the general court to serve a public purpose." We do not agree.

General Laws c. 221, § 35 (1990 ed.), provides: "There shall be a board of bar examiners consisting of five persons . . . one of whom shall annually be appointed by the justices of the supreme judicial court for a term of five years . . . and who may be removed by them. Such justices may fill vacancies." It is clear, therefore, that the board was created by the General Court, that it serves a public purpose, and that it has State-wide jurisdiction. However, the board is not an "authority" within the meaning of FIPA.

In construing statutes, "[w]ords and phrases shall be construed according to the common and approved usage of the language," G. L. c. 4, § 6, Third (1990 ed.), unless to do so "would involve a construction inconsistent with the manifest intent of the law-making body or repugnant to the context of the same statute." G. L. c. 4, § 6. The Legislature has established

numerous quasi independent bodies which, unlike departments and commissions of the Commonwealth, have separate corporate existence and plenary powers. The word "authority" is not found in the titles of departments and commissions. However, usually the word "authority" is used in the title of a "body politic and corporate." See, e.g., G. L. c. 121B, §§ 3, 4 (1990 ed.) (housing and redevelopment authorities); G. L. c. 128A, § 18 (1990 ed.) (Massachusetts Horse Racing Authority); G. L. c. 161A, § 2 (1990 ed.) (Massachusetts Bay Transportation Authority); G. L. c. 161B, § 2 (1990 ed.) (regional transit authorities); St. 1984, c. 372, § 3 (Massachusetts Water Resources Authority); St. 1968, c. 614, § 4 (Health and Educational Facilities Authority); St. 1963, c. 703, § 2 (Massachusetts State College Building Authority); St. 1961, c. 557, § 2, as amended by St. 1975, c. 708, § 5 (University of Lowell Building Authority); St. 1960, c. 773, § 2 (University of Massachusetts Building Authority); St. 1956, c. 465, § 2 (Massachusetts Port Authority); St. 1952, c. 354, § 3 (Massachusetts Turnpike Authority). Therefore, we construe the word "authority" in c. 66A, § 1, as referring to bodies with separate corporate existence. The board does not have separate corporate existence.

The board requests that we remand this case for the entry of a declaration that the board is not subject to FIPA. We decline to do so. It is true that, "[w]hen an action for declaratory relief is properly brought and relief is denied on the merits, the action should not be dismissed," and the rights of the parties should be declared. *Attorney Gen.* v. *Kenco Optics, Inc.*, 369 Mass. 412, 418 (1976). However, action on a motion to dismiss under rule 12 (b) (6) does not relate to the merits. *Smith* v. *Massimiano, ante* 81, 85 (1993). Accordingly, we affirm the judgment below.

*So ordered.*

*Lester S. Wallerstein*, pro se.
*Peter Sacks*, Assistant Attorney General, for the defendant.