White, J.
This is an action to recover unpaid taxes on a parcel of property located in the town of Marlborough, Massachusetts. The plaintiffs have asked the Court to determine and declare the liability of the respective defendants for said taxes. Defendant Bay-Bank, N.A.[4] (“BayBank”) has moved to dismiss, seeking a declaration that it is not liable for any unpaid property tax on the subject parcel. For reasons set forth more fully below, BayBank’s motion is allowed.
BACKGROUND
The real property at issue (the “Property”) was purchased by defendants McCannon and Claussen, as trustees of Associates Realty Trust, in January of 1987. On January 9, 1987, McCannon and Claussen granted BayBank a mortgage on the Property in the amount of $2.2 million. By deed dated December 2, 1991, McCannon and Claussen conveyed the Property to themselves as trustees of the BCDM Realty Trust. Subsequently, Claussen and McCannon, as trustees of BCDM Realty Trust, gave themselves, in their individual capacities, and defendants Baldini and Drepa-nos a mortgage for $400,000.
Plaintiffs assessed taxes to the record owners of the Property for fiscal years 1989 through 1995. The taxes for those years went unpaid. Plaintiffs thereupon filed this action against McCannon, Claussen, Baldini and Drepanos. It was only during the preparation for litigation that BayBank’s interest in the property came to plaintiffs’ attention. At no point during 1989 through 1995 did plaintiffs assess the property tax against Bay-Bank.
DISCUSSION
BayBank seeks a declaration that 1) a municipality or local tax collector may not bring suit against a mortgagee of real property to collect unpaid taxes that were never assessed against said mortgagee, and 2) BayBank is not liable for the unpaid property tax at issue in this case. Alternatively, BayBank asks that the claims against it be dismissed with prejudice on the grounds that they fail to state a claim upon which relief may be granted. The Court determines that BayBank is entitled to the latter relief.
General Laws c. 59, §11 provides, in part, that “[t]axes on real estate shall be assessed, in the town where it lies, to the person who is the owner on January first . . .” Section 11 goes on to state that “(e)xcept as provided in the following three sections, mortgagors of real estate shall for the purpose of taxation be deemed the owners until the mortgagee takes possession, after which the mortgagee shall be deemed the owner.” The reference to the “following three sections” concerns c. 59, §§12, 12A, and 12B. Thosé sections set out the procedure whereby taxes may be assessed against a mortgagee’s interest in real property. Section 12 provides that “ [i]f any person has an interest in real estate . . . as holder of a duly recorded mortgage . . . , the amount of his interest as mortgagee shall be assessed as real estate in the town where the land lies . . .” Section 12A states that:
If the holder of such mortgage fails to file in the assessor’s office a sworn statement of all his estate liable to taxation under the preceding section, including a statement of the full amount remaining unpaid upon such mortgage and of his interest therein, the amount stated in the mortgage shall be inclusive as to the extent of such interest . . . Whenever, in any case of mortgaged real estate, such statement is not brought in, no tax on such real estate for the year then current shall be invalidated for the reason that a mortgagee’s interest has not been assessed to him.
Finally, section 12B provides that:
Mortgagors and mortgagees referred to in the two preceding sections shall for the purpose of taxation be deemed joint owners until the mortgagee takes possession; and until such possession is taken by a first mortgagee, an assessor or the collector of taxes, upon application, shall give to any such mortgagee or mortgagor a tax bill showing the whole tax on the mortgaged estate and the amount included in the valuation thereof as the interest of each mortgagee and of the mortgagor respectively.
Relying on this statutory scheme, plaintiffs contend that they are entitled to turn to BayBank, as mortgagee, for the unpaid property taxes. The Court disagrees. To be sure, §§12-12B empower taxing authority to assess, in the first instance, taxes against a mortgagee’s interest in real property. However, that power does not translate into the right to turn to a mortgagee, against whom taxes were never assessed *535 in the first instance, as a surety of sorts for the unpaid debts of a mortgagor.
Such a determination is supported by the plain language of sections 11, 12, 12Aand 12B. The “rule” with regard to assessment of local taxes is that a mortgagor shall be assessed as the owner of the property. G.L.c. 59, §11; Wiggin v. Lowell Five Cent Savings Bank, 299 Mass. 518, 520-21 (1938); Eno and Hovey, 28 Massachusetts Practice: Real Estate Law, §9.31. The exception to the rule is incorporated in §§12-12B. Those sections provide that, at the request of a mortgagor and/or mortgagee, the local tax collector may assess taxes against the respective interests of both parties. Plaintiffs are unable to cite any statu-toiy provision which permits a taxing authority to assess taxes against a mortgagor but, in the event the taxes go unpaid, later seek payment from a mortgagee.
In support of their position, plaintiffs assert that §12A imposes an affirmative obligation upon a mortgagee to notify the taxing authority of the existence of the mortgage, and that this obligation compels the conclusion that a mortgagee is ultimately responsible for the payment of taxes. The Court is not persuaded by this argument. A fair reading of §12A is that it sets forth the manner in which a mortgagee’s interest is to be assessed, in the event that the mortgagee, mortgagor or taxing authority chooses to assess separately the divers interests in the real property. Significantly, the language employed by the legislature has a prec-atory rather than mandatory tone. Section 12A provides a mortgagee with incentive to file a detailed report setting forth its actual interest in the property. The failure to file such a report carries adverse consequences, namely that a mortgagee’s interest will be determined by the face value of the mortgage rather than the amount of the mortgage remaining unpaid. The potential consequences for failing to file a report pursuant to §12A do not include, as plaintiff urges, liability for the payment of outstanding property taxes. Moreover, the voluntary nature of the reporting requirements is further evidenced by the language in §12B which requires that a tax bill assessing the respective interests of a mortgagor and mortgagee will be issued “upon application” of either party.
In sum, the legislature set forth two options for assessing taxes against real property. On the one hand, a taxing authority may assess the tax against the “owner,” defined in §11 as the mortgagor. Alternatively, pursuant to §§12-12B, a taxing authority can separately assess the respective interests of a mortgagor and mortgagee(s). The additional option advanced by plaintiffs is conspicuously absent from the statutory scheme.
Importantly, the Court’s decision does not leave a taxing authority without recourse in the event that a property owner fails to pay taxes. In particular, a taxing authority has the power to place a municipal tax lien on the property. See G.L.c. 60, §37. Such a lien has priority over the interest of any mortgagee. United States v. City of Springfield, 190 F.Supp. 817, 8 18-19 (D.Mass. 1961); Wiggin, 299 Mass. at 521. By foreclosing on such a lien, a taxing authority can, in effect, collect the unpaid tax from a mortgagee. For whatever reason, plaintiffs have eschewed this established statutory remedy in favor of a course of action which is devoid of any statutory or common law basis.
The Court having decided the substantive legal issues raised by this motion to dismiss, some question remains as to the appropriate disposition of the claims against BayBank. BayBank asserts that, as this is an action for declaratory judgment, it is improper for the Court to simply dismiss the claims in this case; rather, the Court must declare the rights of the parties. The Court disagrees. The Court is only required to declare the rights of the parties in the event that the suit is dismissed on the merits. Wallerstein v. Board of Bar Examiners, 414 Mass. 1008, 1009 (1993) (rescript). It is well established that dismissal under 12(b)(6) is not an adjudication on the merits. Id. Accordingly, BayBank must be satisfied with having the claims against it dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant BayBank’s motion to dismiss is ALLOWED.

Th.e motion is brought by BayBank, N.A., in its capacity as successor in interest to BayBank Middlesex, which is listed as a defendant in the Complaint.