MASSACHUSETTS CITIZENS FOR MARRIAGE & another[1] *vs.* SECRETARY OF THE COMMONWEALTH. December 30, 2003. *Constitutional Law,* Amendment of the Constitution, Initiative petition, General Court. *General Court. Mandamus. Declaratory Relief.*

Massachusetts Citizens for Marriage and its president, Sarah McVay Pawlick, appeal from a judgment of a single justice of this court dismissing their complaint for declaratory relief. The complaint alleges that a joint session of the General Court violated the Constitution by failing to vote on a so-called initiative amendment, in accordance with art. 48, The Initiative, IV, §§ 2-4, as amended by art. 81, § 1, of the Amendments to the Constitution of the Commonwealth. The plaintiffs sought an order instructing the Secretary of the Commonwealth to "send" the initiative amendment "to the 183rd General Court for its consideration as the second Legislature" to consider the proposed amendment pursuant to art. 48. The single justice did not err.

We have already stated that art. 48 "provides no judicial remedy" for "the failure of a joint session to act," *LIMITS* v. *President of the Senate,* 414 Mass. 31, 34 (1992). If a joint session fails to act on a proposed constitutional amendment, the only remedy set forth in art. 48 is a direction to the Governor

---

[1]Sarah McVay Pawlick.

to call the joint session or the continuance of the joint session. *League of Women Voters of Mass.* v. *Secretary of the Commonwealth,* 425 Mass. 424, 431-432 (1997). "No determination can be made" as to whether the proposed initiative amendment at issue here "received the number of votes . . . required by art. 48 of the Constitution if the amendment is to be 'referred to the next general court.' " *Opinion of the Justices,* 438 Mass. 1201, 1205 (2002), quoting art. 48, The Initiative, IV, § 4. Absent an initiative amendment's receipt of the "affirmative votes of not less than one-fourth of all the members" of a joint session of the General Court, art. 48 provides no authority for its referral to the next General Court by the Secretary or anyone else.

Moreover, after the Secretary initially transmits an initiative petition for a constitutional amendment, pursuant to art. 48, The Initiative, II, § 4, to the clerk of the House of Representatives, the text of the article does not impose any further duty on the Secretary to transmit the petition, or information concerning it, to a successive General Court. The plaintiffs have not alleged that such a duty has ever before been imposed on, or undertaken by, the Secretary. Whether the relief sought by the plaintiffs is characterized as declaratory relief, or relief in the nature of mandamus, in the absence of a "legal duty to perform some particular act," it is not warranted. See *Angelico* v. *Commissioner of Ins.,* 357 Mass. 407, 411 (1970) (mandamus not available absent legal duty). See also *Bates* v. *Director of the Office of Campaign & Political Fin.,* 436 Mass. 144, 149 (2002) (complaint seeking declaratory and injunctive relief dismissed where plaintiffs not entitled to the relief sought); *Wallerstein* v. *Bar Examiners,* 414 Mass. 1008, 1009 (1993) (dismissal of declaratory judgment action for failure to state a claim appropriate under Mass. R. Civ. P. 12 [b] [6], 365 Mass. 754 [1974]).

*Judgment affirmed.*

*J. Edward Pawlick* for the plaintiffs.

*Peter Sacks,* Assistant Attorney General, for Secretary of the Commonwealth.