450 Mass. 775 (2008)                                    775

Committee for Health Care for Massachusetts *v.* Secretary of the Commonwealth.

## Committee for Health Care for Massachusetts & others[1] *vs.* Secretary of the Commonwealth.

Suffolk. November 5, 2007. - March 10, 2008.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Cordy, & Botsford, JJ.

*Constitutional Law,* Amendment of the Constitution, Initiative petition. *Initiative. Secretary of the Commonwealth. Insurance,* Health and accident.

This court concluded that the plaintiffs, ten registered voters of the Commonwealth, could not obtain, as a remedy for the failure of the joint session of the Legislature to vote, prior to adjourning, on an initiative amendment to the Massachusetts Constitution that would require the enactment of laws making health insurance coverage available to all Massachusetts residents, a declaration that more than one-fourth of the members of two successive joint sessions favored the proposal or an order of the court directing the Secretary of the Commonwealth to place on the ballot for a vote of the people. [776-779]

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on November 10, 2006.

The case was reported by *Ireland,* J.

*Donald K. Stern* (*Nikki Jean Fisher, Jeff Goldman, & Barbara Roop* with him) for the plaintiffs.

*Peter Sacks,* Assistant Attorney General, for Secretary of the Commonwealth.

Cordy, J. Ten registered voters of the Commonwealth, some of whom signed a petition proposing an initiative amendment to the Massachusetts Constitution that would require the enactment of laws making health insurance coverage available to all Massachusetts residents, brought this action in the county court seeking a remedy for the failure of the joint session of the Legislature to vote on the amendment prior to adjourning on January 2, 2007.[2] The case was reserved and reported to the full court without decision by a single justice.

---

[1]Ten registered voters of the Commonwealth.

[2]The ten registered voters have standing to bring this action, but the Com-

The consideration of proposals to amend the Massachusetts Constitution by initiative petition is governed by art. 48, The Initiative, IV, §§ 1-5, as amended by art. 81, § 1, of the Amendments to the Constitution. In relevant part, art. 48 provides as follows:

"SECTION 2. *Joint Session.* — *If a proposal for a specific amendment of the constitution is introduced into the general court by initiative petition . . . such proposal shall,* not later than the second Wednesday in May, *be laid before a joint session of the two houses,* at which the president of the senate shall preside; and if the two houses fail to agree upon a time for holding any joint session hereby required, or fail to continue the same from time to time until final action has been taken upon all amendments pending, the governor shall call such joint session or continuance thereof.

" . . .

"SECTION 4. *Legislative Action.* — Final legislative action in the joint session upon any amendment shall be taken only by call of the yeas and nays, which shall be entered upon the journals of the two houses; and an unfavorable vote at any stage preceding final action shall be verified by call of the yeas and nays, to be entered in like manner. *At such joint session . . . an initiative amendment receiving the affirmative votes of not less than one-fourth of the members elected, shall be referred to the next general court.*

"SECTION 5. *Submission to the People.* — *If in the next general court . . . an initiative amendment . . . shall again receive the affirmative votes of at least one-fourth of all the members elected, such fact shall be certified by the clerk of such joint session to the secretary of the commonwealth, who shall submit the amendment to the people at the next state election. . . .*" (Emphases added.)

We have stated previously that "[t]he members of the joint session have a constitutional duty to vote, by the yeas and nays,

mittee for Health Care for Massachusetts lacks standing because it is not entitled to vote. *Mazzone* v. *Attorney Gen.*, 432 Mass. 515, 517 n.4 (2000).

on the merits of all pending initiative amendments" before recessing. *Doyle* v. *Secretary of the Commonwealth*, 448 Mass. 114, 116 (2006) (*Doyle*).[3] We also have repeatedly stated that "there is no presently articulated judicial remedy for the Legislature's indifference to, or defiance of, its constitutional duties" under art. 48. *Id.* at 119 (neither declaratory judgment nor mandamus against Legislature available to plaintiffs in these circumstances). "The only remedy set forth in art. 48 for the failure of a joint session to act is a direction to the Governor to call a joint session or a continuance of a joint session if the joint session fails in its duty." *LIMITS* v. *President of the Senate*, 414 Mass. 31, 34 (1992) (*LIMITS*). Cf. *Opinion of the Justices*, 334 Mass. 745, 757 (1956) (considering failure of joint session to vote on merits of legislative amendment to Constitution under art. 48, concluding "there is no means of compelling a joint session to take any action").

The plaintiffs attempt to distinguish the present case from the *Doyle* and *LIMITS* cases. They point out that the members of the first joint session of the Legislature to consider the amendment voted overwhelmingly (153-41) to approve it, and that although the second joint session failed to vote on the merits of the amendment, ninety-two of its members (more than one-fourth) voted (unsuccessfully) in favor of bringing the amendment to a vote.[4] They also point out that this case is being considered *after* the adjournment of the joint session and that

___

[3]In addition to the Secretary of the Commonwealth, the Senate President, as presiding officer of the joint session, was also a defendant in *Doyle* v. *Secretary of the Commonwealth*, 448 Mass. 114 (2006).

[4]When the initiative amendment was laid before the first joint session of the Legislature on July 14, 2004 (2003-2004 legislative session), it was amended and then approved by a vote of 153-41. See art. 48, The Initiative, IV, § 3 ("A proposal for an amendment to the constitution . . . [may be] amended by a vote of three-fourths of the members voting thereon in joint session . . ."). Thereafter, in 2006, the Legislature enacted a sweeping health care reform act entitled, "An Act providing access to affordable, quality, accountable health care," St. 2006, c. 58, at which point the initiative amendment was referred by the joint session for further study by a special committee of the joint committee on health care financing, while experience was gained under the new health care act. The members of the joint session then voted 101-92 not to release the initiative amendment from the joint committee so that it could be brought forward for a vote on the merits in the 2005-2006 session. It cannot be ascertained whether any or all of the ninety-two members who voted to

the remedy they seek is against the Secretary of the Commonwealth and not the Legislature. Specifically, they propose that the court (1) conclude, as a matter of law, that more than one-fourth of the members of two successive joint sessions favored the proposal, and (2) direct the Secretary of the Commonwealth to place the amendment on the ballot for a vote of the people. Neither of these proposed actions can be accomplished within the bounds of the Constitution.

"The language of art. 48 does not permit, by inference or otherwise, a judicial order that the Secretary could permissibly deem the absence of a final vote on the initiative amendment to have the same effect as an affirmative vote, for purposes of submitting the amendment to the next General Court." *Doyle, supra* at 120-121. Cf. *Massachusetts Citizens for Marriage* v. *Secretary of the Commonwealth*, 440 Mass. 1033, 1034 (2003) ("Absent an initiative amendment's receipt of the 'affirmative votes of not less than one-fourth of all members' of a joint session of the General Court, art. 48 provides no authority for its referral to the next General Court by the Secretary [of the Commonwealth] or anyone else"). Where the Constitution intends to provide a remedy for the failure of one branch to act, it so states. For example, with respect to art. 48's provision concerning an initiative proposed for a statutory change (rather than a constitutional amendment), on the Legislature's failure to enact the change (and assuming additional signatures are obtained), "the secretary of the commonwealth shall submit such proposed law to the people at the next state election." Art. 48, The Initiative, V, § 1, as amended by art. 81, § 2, of the Amendments. Similarly, when the Governor "fail[s] so to transmit his reasons [for the disapproval or reduction of items in an appropriations bill] within ten days after the bill shall have been presented to him [by the Legislature], such items shall have the force of law." Art. 63, § 5, of the Amendments to the Massachusetts Constitution, as amended by art. 90, § 4, of the Amendments.

The only remedy provided in the Constitution for the failure

release the matter from committee would have voted in favor of or against the initiative amendment in light of the intervening adoption of the new health care act.

of a joint session to act on an initiative amendment lies in the hands of the Governor. *LIMITS*, *supra* at 34. Art. 48, The Initiative, IV, § 2. Of course, a further remedy lies with the voters at the next election when they decide who will represent them "agreeably, to the rules and regulations of the constitution, and the laws of this Commonwealth." Part II, c. 6, art. 1, of the Constitution of the Commonwealth (oath of office). *League of Women Voters of Mass.* v. *Secretary of the Commonwealth*, 425 Mass. 424, 432 (1997) (recognizing "power of the people to elect a sufficient number of legislators who would not defy the requirements of the Constitution so that a joint session would be required to perform its duty"). The relief sought by the plaintiffs, however, would address the violation of a constitutional duty (the duty to vote) by one branch of government, by means of an order of the court that both supplants the remedy specifically provided for in the Constitution and directs that another constitutional requirement be disregarded. This cannot be done consistently with the doctrine of separation of powers embodied in art. 30 of the Massachusetts Declaration of Rights. The *Doyle* and *LIMITS* decisions are dispositive on the matter of the court's power in these circumstances.

The case is remanded to the county court for the entry of a judgment dismissing the complaint.

*So ordered.*